HEATH *v.* ACHEY.

1. Where the principal of a note became due upon a date therein specified, and prior to its maturity the maker signed a written application to a third person, requesting him to obtain an extension of the time of payment, the application by its terms identifying the note; and where, after the granting of such extension, the maker executed and delivered to the payee of the note, other notes for the annual interest to accrue upon the same, these interest notes also by their terms identifying the main note, the effect was to renew the latter, and extend the maker's original liability thereon, with all the terms and conditions therein expressed.

2. Where suit was brought upon such note, and the application for its renewal was also declared upon and set forth, this application, in the absence of a plea of *non est factum*, was admissible in evidence, at the instance of the plaintiff, without proof of its execution.

3. Where the original note had attached to the same certain coupon notes for the payment of the interest annually to accrue thereon, and contained a stipulation that " upon failure to pay any of said interest notes within thirty days after due, said principal sum shall, at the option of the holder, become due and be collected at once," this stipulation, after such a renewal as that indicated in the preceding notes, became applicable to the new interest notes; and consequently a failure to pay one of these within thirty days after its maturity, gave the holder of the main note the option to declare the same due at once, and the right to bring his action accordingly.

July 29, 1895. By two Justices.

Complaint on note.    Before Judge Ross.    City court of Macon.    September term, 1894.

On March 31, 1894, plaintiff sued defendant upon a note for $500 principal, dated March 11, 1882, due March 11, 1887, payable to plaintiff or order at the office of Nelson, Barker & Co., Atlanta, Ga., with interest at eight per cent., payable annually, as per five interest notes attached.    The principal note contained a stipulation, that should any of the interest not be paid when due, it should bear interest at the rate of eight per cent. from maturity, as stipulated in said interest notes; and that

upon failure to pay any of said interest notes within thirty days after due, the principal sum, at the option of the holder, should become due and be collected at once, time being of the essence of the contract. Also, that if this note were collected by suit, defendant agreed to pay ten per cent. of the principal and interest as attorney's fees. The five interest coupon notes referred to were each for $40, dated March 22, 1892, payable to plaintiff or order at the office of C. P. N. Barker, on March 11, 1893, 1894, 1895, 1896 and 1897, "being interest to that date on my note number 1162 given to said payee." The principal note sued on bore the number 1162. The declaration alleged, that the principal note was extended from March 11, 1887, to March 11, 1892, under the same conditions, upon the application of defendant, and was extended for the second time from March 11, 1892, to March 11, 1897, under the same conditions, upon application of defendant. Copies of each of the applications were also attached. One of these is dated February 14, 1887, is signed by defendant, and addressed to C. P. N. Barker, Atlanta, Ga. It states: "I hereby request you to negotiate for me an extension of loan No. 1162, negotiated for me and due March 11, 1887. I desire to have the original loan of $500 extended for five years from March 11, 1887; and if you obtain such extension, I agree to pay you $50 commission for your services." The other is similar, except that it is dated March 22, 1892, is addressed to Barker & Holleman, Atlanta, Ga., and requests an extension for five years from date, agreeing to pay $40 commission for their services in obtaining the same. The declaration further alleged, that one of the interest notes for $40 became due March 11, 1893, and defendant had refused to pay the same; wherefore plaintiff declared the note for the principal sum due, according to the tenor and effect thereof.

Defendant filed a demurrer on the grounds, (1) that the contract sued on showed upon its face that the loan was extended for five years from March 22, 1892, and there was no right of action upon it until the expiration of five years; (2) that it appeared from the declaration that the action was barred by the statute of limitations; (3) that the contract showed on its face that the debt of $500 was not due at the time suit was filed, and had not since become due. The demurrer was overruled.

Plaintiff, having put in evidence the principal note and interest coupon notes before described, offered in evidence the application for extension, dated February 14, 1887. To this defendant objected on the ground that the application did not prove itself, and was not admissible without extrinsic evidence to show that defendant signed it. The objection was overruled. Defendant having filed no plea, the court directed a verdict for the plaintiff for $500 principal, $25.85 interest to September 6, 1894, and attorney's fees at ten per cent. To this direction, and to each of the rulings before stated, defendant excepted.

DESSAU & HODGES, for plaintiff in error.
COBB & HARTSFIELD, *contra.*

ATKINSON, Justice.

1. We think, under the facts appearing by the record, there was no error committed by the court in overruling the demurrer to the plaintiff's action; nor in admitting the evidence the admission of which is complained of; nor in directing a verdict in favor of the plaintiff. It will be observed, that the original contract entered into between these parties involved the execution, as collateral thereto, of certain interest coupon notes, and that these coupon notes were duly paid. At the maturity of the original note, an application was made for the extension of that note for five years upon the same

terms and conditions as existed with reference to the original loan.   A second extension of the loan was also procured under like circumstances and conditions.   The loan being thus extended, necessarily carried with it the execution of other interest coupon notes for the new terms, respectively, during which the note was extended, and these being issued upon the same terms and conditions as prevailed in the original contract, made default in the payment of either of them a sufficient reason, under the contract, for the plaintiff to treat the whole amount as due, and authorize a suit by him for the recovery of the entire debt.   We think there can be no doubt that this was the plain intention of the parties manifestly expressed by the contract as originally entered into and subsequently extended.   We do not think, therefore, that the suit was premature.   Standing alone, the original note upon its face was barred by the statute of limitations at the time of the institution of the suit; but read in connection with the written application for the extension, made by the maker of that paper, and the subsequent extension of it by the holder, and also in connection with the interest coupon notes executed by the maker covering the interest during the period of the extension, this was such a new promise in writing, under sections 2934 and 2936 of the code, as to take the note without the statute of limitations.

2, 3.  We do not think the court erred in admitting in evidence the application for the extension of the loan. It was attached to the declaration, declared upon as a part of the new promise and relied upon to take the case without the statute of limitations.   No plea of *non est factum* was filed, and in such a case such paper, under section 3454 of the code, proves itself.

*Judgment affirmed.*