property levied upon acquire any interest, either legal or equitable, in the proceeds of the judgment rendered in the suit upon the forthcoming bond." *Heard* case, supra.

The court having erred in refusing to dismiss the claim, the subsequent proceedings were nugatory.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

---

15931.   CITIZENS NATIONAL BANK *v.* JENNINGS *et al.*

BELL, J. In an action against an indorser of a negotiable instrument protest and notice thereof may be found to have been waived where it appears that the indorsement was subject to a custom or course of dealing between the parties in which the holder was not expected to take such steps in order to fix the liability of the indorser upon papers passing between them. In the trial of the present action there was evidence tending to show that for a considerable period of time the plaintiff bank had been accustomed to buy notes payable to the defendant indorsers, and that, on failure of the makers to pay the notes, payment would be made by the defendants as indorsers, although there had been no express waiver of protest and notice thereof. The evidence further authorizing the inference that the immediate transaction was included within such general course of dealing, and a prima facie case being otherwise made out, the court erred in awarding a nonsuit as for a failure to show a waiver of protest and notice. *Roberts* v. *Bank of Parrott*, 30 *Ga. App.* 724 (119 S. E. 220); 2 Daniel on Negotiable Instruments, 1244, § 1091; 8 C. J. 699. *Judgment reversed. Jenkins, P. J., concurs. Stephens, J., disqualified.*

DECIDED APRIL 11, 1925.

Complaint; from Wilkes superior court—Judge Shurley. August 6, 7, 1924.

*William Wynne, Colley & Colley,* for plaintiff.

*Clement E. Sutton,* for defendants.

---

15932.   CITIZENS NATIONAL BANK *v.* JENNINGS.

BELL, J. This case is controlled by the decision this day rendered in the companion case between the same parties. See *Citizens National Bank* v. *Jennings*, ante, 659.

*Judgment reversed. Jenkins, P. J., concurs. Stephens, J., disqualified.*

DECIDED APRIL 11, 1925.

Description of case and names of counsel the same as in the next preceding case.