## FORD v. CUNNINGHAM et al.

RUSSELL, C. J. F. filed an equitable petition against G., C., H., and M. At interlocutory hearing all prayers against H. and M. were stricken by amendment of plaintiff, leaving G. and C. as the defendants. G. was the purchaser of described real estate, in which (or in the proceeds of any sale thereof) plaintiff has a material interest. Under power of sale contained in a deed executed to secure a debt due to G., the realty referred to was sold, and G. bought it, being authorized by the power conferred in the security deed to bid and buy at a sale conducted under the conditions prescribed in the deed. C. is in possession as grantee in a deed from G. In the security deed the grantor covenanted "to pay all taxes on said property when the same fall due and before the levy or advertisement of any tax execution thereon;" also, "if any interest note is not promptly paid when the same becomes due (time being expressly made of the essence) or should the first party fail to pay . . the taxes as aforesaid, then the entire principal of said debt shall become due and payable at once if the second party shall so elect;" also that if the debt or any part thereof is not promptly paid at maturity, or if said first party shall fail to pay the taxes as stated, then the grantee or grantee's legal representatives or assigns is authorized to sell all of said property to the highest bidder for cash, "after advertising the time, place, and terms of sale," in a newspaper published in the county of the sale, "once a week for four weeks prior to the date of sale." Plaintiff alleges that the terms of the sale were not advertised as stipulated and as required by the power of sale; that G. was not authorized to accelerate the maturity of the secured indebtedness, and waived the right to insist upon prompt payment of interest, because G. accepted, on January 13, 1925, payment of interest

coupon due May 10, 1924, and coupon due May 10, 1925, was not paid until May 19, 1925, and thereby G. established a course of dealing and was estopped to insist on prompt payment of interest as stipulated; that no taxes were due at the time G. exercised the power of sale, nor had any fi. fa. for taxes been levied; and that for each and all of these reasons the sale was void. The court sustained demurrers filed by G. and C., and dismissed the petition; and the plaintiff excepted. The advertisement as attached to the petition contains no proposal to defer payment of the purchase-price of the property for which bids are asked, and no reference to or provision for an extension of time for the payment of the purchase-price as it may be fixed by oral bids. *Held:*

1. Properly construed, the advertisement required the sale to be for cash, and complied with the conditions stipulated in the power of sale.

2. The fact that a creditor may in two instances accept payment of past-due interest from his debtor, without more, does not, as matter of law, constitute such a course of business as will estop the creditor ever thereafter from insisting that interest due him be paid as stipulated in the contract between the parties. The petition did not allege that the plaintiff did not give notice, after having received the deferred payments of interest, that the provisions of the contract in this respect would be insisted upon. Construing the pleading most strongly against the pleader, it must be assumed that he received such notice.

3. Under the Civil Code of 1910, § 1229, State and county taxes for a given year are in default if not paid by December 20 of that year. G., being empowered in her security deed to declare the entire debt due and to exercise the power of sale if taxes upon the property described in the deed were not paid when the same fell due, "and before the levy or advertisement of any tax execution thereon," was authorized, when such taxes for the year 1925 were unpaid on January 22, 1926, to exercise the power of sale and advertise the property for sale on February 15, 1926, and on that day to expose it for sale.

4. The petition failed to allege a cause of action, and the court properly sustained the general demurrers.

*Judgment affirmed. All the Justices concur.*

No. 8394. JANUARY 16, 1932.

*Walter DeFore, James C. Estes,* and *V. J. Adams,* for plaintiff.
*Hall, Grice & Bloch* and *L. D. Moore,* for defendants.