21840. Smith *v.* Gholstin *et al.*

Bell, J. 1. Where the holder of a note secured by a deed to land agrees with another, who has purchased the land subject to the security deed and the indebtedness, to extend the maturity of the indebtedness for a period of years upon the purchaser's execution of notes for the payment of interest at stated intervals during such period, and where such interest notes are duly executed and delivered to and accepted by the creditor, the agreement as to the extension of the maturity of the original indebtedness is based upon a sufficient consideration, and constitutes a binding and enforceable contract between the parties. Accordingly, in the absence of anything to render the agreement inoperative, the creditor, as between himself and the other contracting party, would have no right to bring suit against the original debtor to recover a judgment foreclosing the security deed against the land, until after the maturity of the

indebtedness as fixed by the extension agreement. Civil Code (1910), § 4216; *Morgan* v. *Argard,* 148 *Ga.* 123 (95 S. E. 986); *Heath* v. *Achey,* 96 *Ga.* 438 (23 S. E. 396); *Short* v. *Jordan,* 39 *Ga. App.* 45 (146 S. E. 31).

2. Where such a suit was brought by the creditor against the original debtor, and the facts as between the plaintiff and one who had purchased the land from the defendant were as indicated in the preceding paragraph, the purchaser had the right to intervene in such suit and plead the facts as ground for abating the foreclosure proceeding. *Reid* v. *Eubanks,* 37 *Ga. App.* 795 (142 S. E. 175); *Realty Co.* v. *Ellis,* 4 *Ga. App.* 402 (61 S. E. 832).

3. The stipulation in the note for the original principal indebtedness by which the maturity thereof could be accelerated at the option of the holder, upon the failure to pay at maturity any of the interest thereon "as per" the semiannual interest notes or coupons *thereto attached,* was an agreement with reference only to interest notes executed by the original debtor and attached to the note signed by him for the principal, and cannot be construed as referring to the similar interest notes subsequently made by the intervenor who had purchased the land subject to the indebtedness and had executed such new interest notes in consideration of a postponement of the maturity of the principal note for the period covered thereby; and, no accelerating clause being contained either in the new interest notes or in the extension agreement in pursuance of which they were executed, the creditor could not rely upon the stipulation in the original contract for the purpose of accelerating the maturity of the principal note as fixed by the extension agreement.

4. But even if the accelerating clause as contained in the original agreement should be construed as applying also to the interest notes subsequently executed by the intervenor, a strict compliance with the terms and conditions of such stipulation could be waived, and where the plaintiff holder allowed the intervenor to delay the payment of seven of the interest notes, five executed by the original debtor and two by the intervenor, the indulgence ranging from six to forty-two days, such conduct and course of dealing between the parties would imply a quasi new agreement whereby the strict letter of the accelerating clause would not be insisted upon, and the failure of the intervenor to pay the next succeeding interest note promptly at maturity could not be taken by the holder as ground for declaring the entire indebtedness due, without first giving a reasonable notice of an intention to rely upon the exact terms of the agreement; and this is true even though there appeared to be a delay of sixty-three days in the payment of the interest note last mentioned, before the attempted exercise of the option granted to the holder by the accelerating clause. Civil Code (1910), § 4227; *Provident Savings &c. Society* v. *Georgia Industrial Co.,* 124 *Ga.* 399 (52 S. E. 289); *Hasbrouck* v. *Bondurant,* 127 *Ga.* 220 (56 S. E. 241); *Kennesaw Guano Co.* v. *Miles,* 132 *Ga.* 763 (64 S. E. 1087); *Mahoney* v. *McKenzie,* 27 *Ga. App.* 245 (107 S. E. 775); *Citizens National Bank* v. *Jennings,* 33 *Ga. App.* 659 (127 S. E. 656); *Carolina Life Ins. Co.* v. *Moultrie,* 40 *Ga. App.* 15 (148 S. E. 628); 27 R. C. L. 452.

5. The present case is distinguished from *Ford* v. *Prudential Investment Co.,* 174 *Ga.* 163 (162 S. E. 382), in which there was no averment that the creditor had failed to give reasonable notice of his intention to rely

upon the terms of the agreement before electing to foreclose the security deed, the debtor's petition alleging merely that the creditor had not given him "the necessary and required ten days' notice," and there being nothing to indicate what was meant by this statement as to ten days' notice. The instant case is also unlike the case of *Ford* v. *Cunningham*, 174 *Ga.* 171 (162 S. E. 387), in which it was held that the mere fact that a creditor may in two instances accept payment of past-due interest does not as a matter of law estop the creditor from insisting that interest shall be paid as stipulated in the contract; whereas in the case at bar the indulgence had been granted in as many as seven consecutive instances, so as to establish a course of conduct amounting to a material departure from the strict letter of the contract. Moreover, in the *Cunningham* case the debtor's "petition did not allege that the plaintiff did not give notice, after having received the deferred payments of interest, that the provisions of the contract in this respect would be insisted upon." In *Young* v. *Durham*, 15 *Ga. App.* 678 (84 S. E. 165), the *entire* balance of the indebtedness was past due long before the suit was filed, and for this reason no ruling was necessary as to whether there had been a departure from the terms of the contract.

6. Under the above rulings, the court erred in sustaining the general demurrer to the intervention, and in thereafter permitting the verdict and judgment of foreclosure to be entered.

*Judgment reversed. Jenkins, P. J., concurs. Stephens, J., disqualified.*

DECIDED MAY 12, 1932.

*Robert Lee Avary Jr.,* for plaintiff in error.

*Colquitt, Parker, Troutman & Arkwright, T. M. Smith, Robert T. Efurd;* contra.