## 23298. BURGESS *v.* OHIO NATIONAL LIFE INSURANCE COMPANY.

DECIDED JANUARY 17, 1934.

*Carter, Carter & Johnson, Lovick G. Fortson,* for plaintiff in error.

*William H. Mewbourne,* contra.

JENKINS, P. J. 1. In this suit by the owner of a note, secured by a deed to real estate, against the maker and a subsequent purchaser of the property covered by the security deed, who had agreed with the maker to pay the note, the Supreme Court, in transferring the case to this court, held that it is one at law and not in equity as to the defendant maker, who alone seeks to review the judgment overruling her general demurrer to the petition and sustaining the plaintiff's general demurrer to her answer. *Burgess* v. *Ohio National Life Insurance Co.,* 177 *Ga.* 48 (169 S. E. 364).

2. The petition alleges that, after the purchaser of the property had agreed with the maker of the note to pay the debt, the purchaser agreed with the plaintiff owner of the note and security deed, just after the maturity of the entire $3250 principal, that, "if it would not foreclose said security deed and allow the obligation to stand as drawn, he would pay a semiannual reduction in the amount of $81.25, and continue to pay the interest on said note at the rate of 6-1/2 per cent. per annum, said reductions and interest to be paid on the 30th day of January and July of each year, beginning with the 30th day of January, 1932;" and that

"said note is now past due by its own terms and on account of the default in the payment of the semiannual interest and semi-annual reduction, the first for the sum of $105.63, and the latter for the sum of $81.25, both of which it was agreed should be paid on January 30, 1932, and, on account thereof, petitioner has declared all of said debt, with accrued interest, due and payable;" for which the plaintiff seeks a personal judgment against both defendants. The original note provided for annual payments of interest at 8 per cent. The defendant maker sets up by general demurrer that the alleged agreement with the purchaser to extend the maturity constituted a discharge of the maker's liability, since it became analogous to that of a surety by virtue of the assumption of the debt, that there is no allegation that the maker expressly or impliedly assented to such extension, and that the petition states no cause of action against this defendant. Her answer states a similar defense, with an express averment that the extension agreement was made without her consent or knowledge. It was also contended, under a special demurrer, that the plaintiff, by its notice for attorney's fees, given to both defendants, elected to rely upon the extension agreement, and the petition showed on its face that it was prematurely brought, since the only indebtedness due at the time of suit under such agreement was $81.25 of principal, and the interest on all the indebtedness to January 30, 1932, the extension agreement containing no provision for accelerating the maturity by default in any of the principal or interest installments. The acceleration clause in the original security deed refers to defaults on the original "interest coupons," but not to any extension or renewal.

(a) Under the recent decision of the Supreme Court in *Stapler* v. *Anderson*, 177 *Ga.* 434 (170 S. E. 498), which overrules a holding to the contrary in *Jones* v. *Owens*, 149 *Ga.* 72 (99 S. E. 121), the original maker of the note occupied the status of a surety, and the new agreement made by the owner of the note and security deed with the purchaser of the property, who had assumed the debt, if valid and made on a sufficient consideration to be enforceable, and if made without the consent of the original maker, would discharge her from liability.

(b) The agreement between the creditor and the purchaser of the property was not a nudum pactum, since the purchaser, upon

the undertaking of the creditor to extend the period of payment, assumed obligations different from the original note and security deed, by agreeing not only to pay the specified interest during the time of extension semiannually instead of annually, but to curtail the principal by semiannual payments as specified. *Smith* v. *Gholstin,* 45 *Ga. App.* 287 (164 S. E. 217).

(c) There being by reason of the extension agreement such a change in the nature and terms of the contract as constituted a novation, which, in the absence of the consent of the maker of the note, would, prima facie, discharge her, the onus of showing such consent rested upon the plaintiff. Civil Code (1910), § 3543; *Middlebrooks* v. *Phillips,* 39 *Ga. App.* 263 (146 S. E. 653). The petition, failing to allege such consent by the defendant, was bad on general demurrer. But even if the burden of alleging and proving such lack of consent rested upon the defendant, it was so pleaded in her answer, and it was therefore error to strike such defense on the demurrer of the plaintiff.

(d) Since the court withheld its decision on the special demurrers, this court is not authorized to determine whether the suit was premature as to all of the indebtedness except the installments of principal and interest which were actually in default at the time of suit under the extension agreement, because the accelerating clause in the security deed referred only to the original "interest coupons," and not to any extension or renewal of either of those obligations or of the principal. See *Smith* v. *Gholstin,* supra.

*Judgment reversed. Stephens and Sutton, JJ., concur.*