23462. WRENN *et al.,* executors, *v.* MASSELL REALTY COMPANY *et al.*

JENKINS, P. J.   1. Under the rulings in *Stapler* v. *Anderson,* 177 *Ga.* 434, 436-439 (170 S. E. 498), which were followed by this court in *Burgess* v. *Ohio Nat. Life Ins. Co.,* 48 *Ga. App.* 260 (172 S. E. 676), and which overruled the decision in *Jones* v. *Owens,* 149 *Ga.* 72 (99 S. E. 121), "where the grantee of mortgaged premises assumes and agrees to pay the mortgage, he becomes at least as to the mortgagor the principal debtor, the latter occupying the position of surety." "The mortgagee is not bound by such an agreement unless he assents to it. But when, with knowledge of such an agreement, he enters into an independent stipulation on his own account with the grantee, whereby he obtains a new obligation running directly to himself on the footing that the grantee becomes principal, then in the absence of special conditions he is held to have recognized and become bound by the relation of principal and surety existing between the mortgagor and the grantee."

(*a*) Where the mortgagee has thus recognized the relation of principal and surety between such a mortgagor and his grantee, a new agreement made by the mortgagee with the grantee who purchased the property and assumed the debt, extending the time of payment of the debt, if valid and made on a sufficient consideration, will discharge the original mortgagor from personal liability, unless the extension agreement is made with the consent of the mortgagor.

(b) The grantee's assumption of the indebtedness will constitute a sufficient consideration to the mortgagee to support his adoption of the transaction between the mortgagor and the grantee; and the mortgagor's conveyance of the property is a sufficient consideration to the grantee for his assumption of the indebtedness. See *Smith* v. *Gholstin*, 45 *Ga. App.* 487 (164 S. E. 217), where it was held that, "where the holder of a note secured by a deed to land agrees with another, who has purchased the land subject to the security deed and the indebtedness, to extend the maturity of the indebtedness for a period of years upon the purchaser's execution of notes for the payment of interest at stated intervals during such period, and where such interest notes are duly executed and delivered to and accepted by the creditor, the agreement as to the extension of the maturity of the original indebtedness is based upon a sufficient consideration, and constitutes a binding and enforceable contract between the parties."

2. Applying these rulings to the present case, where the debtor, after executing a security deed to the creditor, conveyed the property to another, who expressly assumed the indebtedness, and the creditor thereafter and after maturity of the original note renewed the note for three years from maturity, entered a notation thereon to that effect, and accepted from the purchaser of the property coupon notes covering the future semiannual interest payments, signed by her individually, and where, according to the evidence of the original debtors, who in the trial admitted a prima facie case and assumed the burden of proving their plea of discharge, they at least impliedly consented to the renewal and extension of the loan as arranged by the purchaser with the creditor, by authorizing the purchaser himself to arrange a loan, and they afterwards expressed their satisfaction with that arrangement between the purchaser and creditor, and assisted them in carrying it out, the original debtors would not be discharged by the extension agreement, although they occupied the status of sureties as to both parties, and although the extension agreement was a binding and enforceable contract, based upon a sufficient consideration, and not a mere nudum pactum. The evidence demanded a finding in favor of the plaintiff creditor, suing the original debtors as makers on their note, upon the issue as to whether the extension was made with their consent, at least after if not prior to the extension, and it was error to refuse a new trial to the plaintiff upon the general grounds.

3. In view of the provision in the original note that the interest after maturity "either in course or by default" should be 8 instead of 7 per cent. per annum, and that interest should be paid semiannually upon the dates specified, there is no merit in the contention of the defendants that they were prejudiced by the new agreement, made after maturity, because the semiannual interest payments, falling due under such contract on the same dates yearly, provided for 8 instead of 7 per cent. interest.

4. The foregoing rulings being controlling, it is unnecessary to pass upon other exceptions.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

Decided May 22, 1934. Rehearing denied September 29, 1934.

*Thomas Howell Scott, E. Lee Douglas,* for plaintiffs.
*Samuel A. Massell, J. K. Jordan,* for defendants.