## 24373. NELSON v. NATIONAL LIFE & ACCIDENT INSURANCE CO.

JENKINS, P. J. 1. Where the grantee of property under a mortgage assumes and agrees with the mortgagor to pay the mortgage, he becomes, as to the mortgagor with whom he thus contracts, the principal debtor, with the result that the mortgagor thereafter occupies the position of surety. The mortgagee, however, is not bound by such an agreement unless he himself assents to such express assumption. *Stapler* v. *Anderson*, 177 *Ga.* 434-436 (170 S. E. 498); *Burgess* v. *Ohio National Life Ins. Co.*, 48 *Ga. App.* 260 (172 S. E. 676). Where the mortgagee has in fact assented to such an assumption by the grantee, and thus has recognized the relation of principal and surety between such a mortgagor and his grantee, a new agreement made by the mortgagee with the grantee who purchased the property and assumed the debt, extending the time of payment of the debt, if valid and made on a sufficient consideration, will discharge the original mortgagor from personal liability, unless it be that the extension agreement is made with the consent of the mortgagor. *Wrenn* v. *Massell Realty Co.*, 49 *Ga. App.* 418 (176 S. E. 60). But such an implied promise of suretyship with the incident rights of a surety to discharge does not arise where a purchase is made merely subject to the outstanding lien of a mortgage. This is true for the reason that personal liability is essential to a contract of suretyship, and personal liability does not arise unless the purchaser has agreed to pay or has assumed the debt. 41 C. J. 717-719, 733-735, and cit.; 27 C. J. 25-29.

2. Under the foregoing principles, the instant plea and answer of the maker of promissory notes, who was the grantor in a deed securing the same, in a suit seeking a general judgment and a special lien against

the land, failed to state a good defense, and the court did not err in sustaining a general demurrer thereto and in directing a verdict for the plaintiff. While the defense as amended alleged that the defendant "was solely in the capacity of surety," and referred to the defendant "as occupying the position of a security," no essential facts, other than that the purchaser of the land "bought the same *subject* to the loan," were stated to show how he became a surety for the purchaser. The averments made, being mere legal conclusions, fail to show a status of suretyship such as would release the defendant from liability, even if the alleged acts of the creditor were otherwise sufficient to effect a discharge. The mere acceptance from the purchaser of a part payment on an interest note would not relieve the defendant from his liability as original obligor, in the absence of anything to show that the purchaser undertook or assumed any personal liability, or that the creditor ever made any valid agreement with either the defendant or the purchaser accepting the purchaser as the sole or the primary obligor. But even if facts setting up an implied suretyship had been alleged, no definite agreement between the plaintiff and the purchaser for an extension of the debt, and no valuable consideration for such an agreement, are shown.

3. The defense that the notice for attorney's fees, given under the Code of 1933, § 20-506, was insufficient, in failing to state where payment of the notes could be made, the date of the return day of the November term of the city court of Atlanta, to which suit was brought, and that the defendant would have until that date to pay the notes, also was without merit. The notice, giving "the term of the court to which suit will be brought," describing the notes, stating the name of the holder by indorsement, and signed by the attorney for such holder, sufficiently complied with the statutory requirements. Nor was it necessary to allege that the notes were in the physical possession of the attorney who gave the notice. Moreover, there is no averment that the defendant ever tendered or made any effort to tender anywhere or to any one the amount of the debt. *Varner* v. *Darien Bank*, 48 *Ga. App.* 298 (172 S. E. 651).

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

Decided July 26, 1935. Rehearing denied September 5, 1935.

*Brown & Brown,* for plaintiff in error.
*William H. Mewbourne,* contra.