25643. FEDERAL LAND BANK OF COLUMBIA *v.* CONGER *et al.*

- 12

Decided October 30, 1936.   Rehearing denied December 16, 1936.

*R. G. Hartsfield, N. L. Stapleton, G. Stokes Walton,* for plaintiff.

*Vance Custer, B. Y. Ramsey,* for defendants.

Guerry, J.   The Federal Land Bank of Columbia brought suit against J. L. Humphrey, A. B. Conger, and W. W. Marchant, on a note executed by Humphrey, and on two assumption agreements executed by Conger and Marchant.   The prayers were for personal judgments against the defendants, and for a special judgment against certain lands.   As to Humphrey and Marchant the action is in default.   Conger filed a general demurrer, which the judge sustained, resulting in a dismissal of the action as to him.   Exceptions in this court are to that ruling.   The petition set out that on December 23, 1919, Humphrey as principal, and the Bainbridge National Farm Loan Association as surety, borrowed $2500 from the plaintiff.   The principal sum with interest was payable in 35 annual instalments, and was evidenced by a note together with a security deed to certain described lands.   In November, 1925, Conger made an application to the Federal Land Bank.   The parts of that application necessary to a decision of this case were as follows: "Assumption:   The undersigned applicant hereby applies for permission to assume the note and mortgage and also the stock interest of J. L. Humphrey, and for membership in the Bainbridge National Farm Loan Association, and agrees to and does assume all of the terms, covenants, and conditions of the said loan, and obligates himself fully and faithfully to perform the same in accordance with the true intent and purpose thereof and contained in and evidenced by the said note and mortgage or loan deed and the Federal farm-loan act."   Following this is an agreed valuation or purchase-price of the property, and a financial state-

ment of the applicant, Conger. The application further recites: "I consent to the assumption, and have transferred my receipt for stock in the association to the applicant. J. L. Humphrey, borrower." Attached to the application is a certificate from the Bainbridge National Farm Loan Association, admitting defendant Conger to membership therein, and consenting to his assumption of the loan of Humphrey and the stock interests of the same. Also attached is a certificate of the Federal Land Bank, allowing defendant Conger to assume the loan. The loan was numbered G. 60-32. In February, 1934, Marchant made the following application to the Federal Land Bank: "Application for extension. To the Federal Land Bank of Columbia: I hereby apply to the Federal Land Bank of Columbia for an extension of time for the payment of the instalments now due and unpaid, and advances made by the bank on loan No. G. 60-32. I should like to have the privilege of paying these delinquent instalments and advances as follows: Over a period of five years, payment 1/5 at each annual instalment. If I am not the original borrower, in consideration of the extension I hereby assume all obligations of the note and mortgage (or loan deed) evidencing and securing this loan. W. W. Marchant."

On March 6, 1934, the Federal Land Bank wrote to Marchant, concerning loan G. 60-32, substantially as follows: "Consideration has been given your request for an extension of time for the payment of indebtedness past due in connection with the subject loan as below indicated. 12-1-31, instalment $162.50,—12-1-32, instalment $162.50,—12-1-33, instalment $141.54. Subject to the approval of the Bainbridge National Farm Loan Association, and with the agreement of others, if any, liable for the payment of this loan or who own any part of the mortgaged property, and subject to all conditions and terms of the original note and mortgage (or loan deed), the time for payment of the indebtedness listed above will be extended over a period of 5 years on the following basis: [Here is set out the manner of payment of the matured indebtedness.] We are sending a copy of this letter to your association; and unless advised to the contrary, we shall assume that the extension outlined herein bears its approval." The petition of the plaintiff set forth that at all times before the filing of the suit the Federal Land Bank had no information whatever of

any private agreement between Humphrey and Conger, or Conger and Marchant, with regard to the assumption of the loan in question by either of them, except as disclosed by the application for extension made by Marchant. The order of the judge specifically sustained grounds 1 and 2 of the demurrer filed by the defendant. Ground 1 contains the usual allegation that the petition sets out no cause of action against the defendant. Ground 2 is as follows: "The petition is demurred to generally and as a whole by this defendant in so far as it affects him, for the reason and on the ground that it appears from the allegations thereof that the plaintiff permitted the defendant W. W. Marchant, on application made on February 16, 1934, to assume said loan, the debt this defendant is being sued for and, after permitting said defendant Marchant to assume said loan upon his application of said date, did thereafter, on March 6, 1934, according to the allegations of the petition, grant an extension of said loan and debt to defendant W. W. Marchant, without this defendant's consent or knowledge, and did therefore, in granting said extension to a person subsequently assuming said loan without the knowledge and consent of this defendant, release and relieve this defendant of all of his liability, if any, on said loan."

There can be no question, under the assumption agreements set out as exhibits to the petition, that Conger became subject to all the conditions of the loan made to Humphrey by plaintiff. See, in this connection, *Federal Land Bank* v. *Shingler*, 174 *Ga.* 235. However, under the facts alleged in the petition, does it appear that Conger ever became a surety on the loan in question, so that a valid and binding extension of the time of payment of the loan between the creditor (plaintiff) and the principal debtor would discharge his liability? On the other hand, do not the facts as set forth in the petition show Conger to be a principal debtor of the loan? Conger contends that under the rulings in *Stapler* v. *Anderson*, 177 *Ga.* 434 (170 S. E. 498), *Burgess* v. *Ohio National Life Insurance Co.*, 48 *Ga. App.* 260 (172 S. E. 676), *Wrenn* v. *Massell Realty Co.*, 49 *Ga. App.* 418 (176 S. E. 60), *Smith* v. *Gholstin*, 45 *Ga. App.* 287 (164 S. E. 217), *Prudential Insurance Co.* v. *Bush*, 180 *Ga.* 110 (178 S. E. 150), the judge·was correct in dismissing the petition as to him. In the *Stapler* case it was said: "'Where the grantee of mortgaged premises assumes and

agrees to pay the mortgage, he becomes at least as to the mortgagor the principal debtor, the latter occupying the position of surety.'" 19 R. C. L. 373, § 143. The court, further quoting from 19 R. C. L., said: "In § 156 it is stated as the general rule that 'An agreement for an extension of time, entered into between the mortgagee and a *grantee* [italics ours] who has assumed the mortgage, will, if valid and made on a sufficient consideration, so as to be legally enforceable, discharge the original mortgagor or intermediate grantees who may likewise have assumed the mortgage, unless the extension is assented to by the mortgagor or intermediate grantee.'" However, "the mortgagee is not bound by such an agreement unless he assents to it." Codman *v.* Deland,. 231 Mass. 344, quoted approvingly in *Stapler* v. *Anderson,* supra. In the *Wrenn* case, supra, it was said: "The *grantee's* [italics ours] assumption of the indebtedness will constitute a sufficient consideration to the mortgagee to support his adoption of the transaction between the mortgagor and the grantee; and the mortgagor's conveyance of the property is a sufficient consideration to the grantee for his assumption of the indebtedness." It will be noted that in the cases cited, in order for the original or intermediate signer of the obligation to cease to be a principal and become a surety, it shall appear that he, as mortgagor or grantor to the original creditor, has also granted the property or premises to a third person who assents to the debt. This fact is sufficient, under the authority in the *Stapler* case, to create the relation of principal and surety as between the grantor and the third party grantee; and where such relationship is recognized by the original grantee or mortgagee and the agreement assented to, such second grantee becomes the principal and the original grantor becomes a surety, and "where the mortgagee has thus recognized the relation of principal and surety between such a mortgagor and his grantee, a new agreement made by the mortgagee with the *grantee who purchased the property* [italics ours] and assumed the debt, extending the time of payment of the debt, if valid and made on a sufficient consideration, will discharge the original mortgagor [who thus became a surety] from personal liability, unless the extension agreement is made with the consent of the mortgagor."

It will be noted, in all the cases cited, that the party with whom the agreement for extension was made, or who might become liable

thereon, was a purchaser from the original grantor; and, as was said in the *Wrenn* case: "The *grantee's* [italics ours] assumption of the indebtedness will constitute a sufficient consideration to the mortgagee to support his adoption of the transaction between the mortgagor and the grantee; and the mortgagor's conveyance of the property is a sufficient consideration to the grantee for his assumption of the indebtedness." In 19 R. C. L. 142, it is said: "The conveyance by a mortgagor of the mortgaged premises does not exonerate him from personal liability for the debt thus secured. This is true although his grantee personally assumes and agrees to discharge the debt; for the mortgagor can not, by any contract between himself and a third person, relieve himself from liability or otherwise bind the mortgagee." This principle is well recognized in all the decisions cited by counsel in this case. An agreement made between the mortgagor and his second grantee, whereby such grantee assumes the original debt, may be enforced by such mortgagor even though the original grantee has not assented thereto. The rule in the majority of States is that a purchaser of property from a mortgagor who, in such contract of purchase, agrees to assume the mortgage thereon, renders himself liable for the discharge of the mortgage debt, not only to the mortgagor but to the mortgagee also. 19 R. C. L. 145. We think it is apparent that before a third party can, even with the consent of the mortgagee to an assumption by him of the debt, become in effect a principal and the mortgagor become a surety, such third party must be a purchaser of the property. Such a relationship would be necessary to create the relationship of principal and surety between the mortgagor and such third person grantee. If a third person, independently of any conveyance to himself of the mortgaged premises or property, agrees to become responsible for the payment of the debt of the mortgagor, such an agreement entered into with the mortgagee does not ipso facto make the mortgagor a surety or change the character of his obligation to the mortgagee. The pleadings in the present case do not allege that Marchant was the grantee of Conger. On the contrary it is alleged that Marchant by written application, attached to the pleadings, asked for an extension of time for the payment of past-due instalments and advances made by the Federal Land Bank, and that in consideration of such extension he declared: "I hereby

assume all obligations of the note and mortgage (or loan deed), securing the loan." We are of the opinion that the petition does not show facts which would change the relationship of Conger to the plaintiff from that of principal debtor to that of surety. Therefore under no theory was the petition subject to the grounds of demurrer sustained by the judge. Under this ruling, it is unnecessary to determine whether the plaintiff, in dealing with Marchant with reference to an extension of the loan due from Conger, was as a matter of law charged with notice of any transaction had between Conger and Marchant, or whether there was any valid and binding agreement for extension of the loan, or whether, assuming Conger to be a surety upon the loan, the extension of certain instalments would discharge him as to the entire loan or merely as to those extended. See, in regard to the first and last of the above questions, *Alropa Corporation* v. *Snyder,* 182 *Ga.* 305 (185 S. E. 352).

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*

ON MOTION FOR REHEARING.

We have stricken from the original opinion prepared by the court all rulings upon the questions that we point out in this opinion are unnecessary to be decided on this writ of error, and have made some changes in form and grammatical expression. With this modification the original judgment of reversal is adhered to, and the motion for rehearing is denied.