SMITH *v.* JOHNSON, executrix, *et al.*

No. 12606.   January 10, 1939.   Rehearing denied February 8, 1939.

*Robert Lee Avary Jr.,* and *Arnold, Gambrell & Arnold,* for plaintiff in error.

*McElreath, Scott, Duckworth & Duvall,* contra.

ATKINSON, Presiding Justice. 1. Where a purchaser acquires title to land, subject to an outstanding loan deed executed by his grantor conveying the property as security for a debt not yet due, and, after maturity of the debt, enters into a written contract with the holder of the note and security given for the debt to extend the time of payment of the principal debt for a period of years, with privilege to pay the whole debt at a specified time before expiration of the stipulated extended time of payment, and in consideration thereof assumes the whole debt and all obligations imposed by the security deed, the contract is not void as without consideration. *Smith* v. *Gholstin,* 45 *Ga. App.* 287 (3) (164 S. E. 217). Nor is the contract void for want of consideration merely because, shortly before its execution, semi-annual interest notes covering the period of extension were executed and accepted between the parties, which did not embody provisions expressly extending the time of payment of the principal debt with option to pay such debt before the specified date of maturity.

2. On default of an interest coupon executed as just described, the holder of the secured debt, during the extended period for payment, instituted a suit in the city court of Atlanta against the original maker of the loan, seeking judgment for the entire debt and to have it declared a special lien on the land. The purchaser of the land who assumed the debt intervened as a party defendant, alleging tender and payment into court of the amount of the interest coupon, and setting up that the suit for the principal debt was prematurely instituted, for various reasons. A judgment was rendered for the plaintiff as prayed for in the original petition. The caption showed the name of the original defendant alone, and the name of intervenor was not mentioned in the judgment. The intervenor excepted alone, and obtained a reversal of the judgment in the Court of Appeals, which was duly made the judgment of the trial court. This judgment was not a bar to a similar suit against the same defendant and the intervenor, instituted by the same plaintiff after the period of extension of time for payment of the principal note, in which the petition, as several times amended, claimed a judgment to be collected only out of the property described in the security deed.

3. The tender of payment by the intervenor was expressly for payment of the interest coupon then in default. Acceptance of

that amount by the plaintiff after the judgment of reversal by the Court of Appeals was not an accord and satisfaction of the whole debt.

4. It is declared in the Code, §§ 92-5710, 92-5711: "All deeds of gift, mortgages, sales and assignments of property of any kind, made to avoid payment of taxes, or judgments procured to be rendered for the same purpose, shall be null and void. . . The person holding such property, or to whom such conveyance may be made, and the property also, wherever found, no matter in whose possession it may be, shall be liable for such taxes." Under proper construction, this law condemns transactions of the characters mentioned, which are made to avoid payment of taxes and are asserted to prevent collection of taxes, but does not void such contracts as between the individual parties thereto.

5. The plaintiff died pending the action, and the administrator was made a party plaintiff. The administrator undertook to sell the land under power of sale contained in the security deed. An amendment to the defendant's answer prayed for injunction to prevent the sale. A temporary injunction was granted, to which the plaintiff did not except. There is no question before the Supreme Court to be decided as to the correctness of this judgment. There was no error in the final judgment or any of the antecedent rulings of the court, for any reason assigned.

*Judgment affirmed. All the Justices concur.*