28656.  FEDERAL LAND BANK OF COLUMBIA *v.*
DRAKE *et al.*

DECIDED FEBRUARY 20, 1941.  REHEARING DENIED MARCH 29, 1941.

*N. L. Stapleton, Harry D. Reed, J. S. Averill Jr.,* for plaintiff.
*P. Z. Geer, A. B. Conger, F. E. Strickland,* for defendants.

FELTON, J.  The Federal Land Bank of Columbia sued Mrs. Myrtice D. Drake, Charles M. Lane, and Mrs. Felix D. Bush in the superior court of Miller County.  The bases of the action against Mrs. Drake were notes and a security deed given to the bank by her to secure a loan for $3600.  The bases for the action against Mr. Lane and Mrs. Bush were written agreements between each and the bank, by the terms of which each assumed and agreed to pay the notes executed by Mrs. Drake according to the provisions of the notes and deed signed by Mrs. Drake.  The suit was to recover the principal and interest and taxes due under the deed and notes, less the amount realized from the foreclosure of the security deed and private sale of the land by the bank after it had bought it on the foreclosure sale, which amount was greater than it brought

on foreclosure. Mrs. Drake and Mr. Lane filed answers. Mrs. Bush did not. In her answer Mrs. Drake alleged that subsequently to the execution of the original notes and deed to the bank by her, she sold the land described in the security deed by warranty deed, in which deed Mr. Lane assumed the payment of her notes and deed to the bank; that Mr. Lane accepted the deed, which was recorded, and went into possession of the property; that the bank accepted Mr. Lane's application to assume the debt; that on July 31, 1933, the bank extended the time of payment of the indebtedness past due on the loan without her knowledge or consent, thereby increasing her risk as surety and exposing her to greater liability, by reason of the fact that the extension was for five years and that the improvements on the land had depreciated in value from July 31, 1933, the time of the extension, to the date of the foreclosure, by reason of which fact the land did not bring the amount of the debt; that the land was worth the amount of the debt on July 31, 1933; that on March 16, 1935, Mr. Lane sold the property to Mrs. Bush at and for the sum of one dollar, other consideration, and the assumption of the original loan, and that Mrs. Bush went into possession of the land under the warranty deed from Mr. Lane, which was duly recorded; that the bank accepted Mrs. Bush's application to the bank to assume the loan; that on July 29, 1937, the bank extended the time for the payment of the indebtedness past due on the loan without her knowledge or consent, and that the two-year extension exposed her to a greater liability by reason of the fact that the land would not bring the amount of the debt at the time of foreclosure, whereas it was worth the amount of the debt at the time of the extension granted to Mrs. Bush. Mr. Lane's answer alleged that he sold the land described in the petition to Mrs. Bush, by warranty deed, a part of the consideration being the assumption of the loan due the bank; that the bank extended for two years the time of payment of certain amounts due on the loan without his knowledge or consent which increased his risk as surety. The jury found in favor of Mrs. Drake and Mr. Lane and the bank excepted to the overruling of its motion for new trial. Other facts applicable to the issues involved will be discussed in this opinion. The bank makes four contentions: (1) that it had no notice of the assumption of the loan as between Mrs. Drake and Mr. Lane and as between Mr. Lane and Mrs. Bush; (2) that under the

extension agreement with Mrs. Bush and under the negotiable-instruments law it was protected by reservations in the extension agreements of its rights against all parties; (3) that Mrs. Drake's consent was a condition precedent to its approval of Mr. Lane's assumption of the loan and the extension of time to him, and that Mrs. Drake did not consent to the extension; (4) that if it released Mrs. Drake and Mr. Lane to any extent by the extensions such release would operate only to the extent of the amounts as to which the extensions were given, and not as to the whole indebtedness. The fourth contention is made in an exception to the failure of the court to give in charge the contention, and an exception to a charge to the contrary.

■ It is not disputed that as to the amounts actually involved in the extensions, in the absence of consent to the extensions and in the absence of effective reservations as against them, they would be released by such extensions if the bank granted the extensions with knowledge of the facts or notice sufficient to charge them with such knowledge. *Stapler* v. *Anderson,* 177 *Ga.* 434 (170 S. E. 498); *Alropa Corporation* v. *Snyder,* 182 *Ga.* 305 (185 S. E. 352); *Wrenn* v. *Massell Realty Co.,* 49 *Ga. App.* 418 (176 S. E. 60). It was ruled in *Alropa Corporation* v. *Snyder,* supra, that in the circumstances of this case the rule as to notice, stated in Code, § 37-116, applies to the bank. The effect of the ruling is that the bank released Mrs. Drake and Mr. Lane, whether it had actual notice that Mr. Lane and Mrs. Bush bought the land and assumed the loan or not, if it had sufficient notice to put it upon inquiry as to whether they had or not. The evidence authorized the finding that it was put upon notice as to Mr. Lane's purchase of the land and his assumption of Mrs. Drake's debt to the bank. Mr. Lane made a formal application to the bank for permission to assume Mrs. Drake's debt to it. Paragraphs 4 and 5 of this application were as follows: "4. Purchase-price: The consideration is as follows: Assumption of mortgage to the bank . . $3600. . . Cash paid . . $1000. Total purchase-price . . $4600. 5. Financial statement of the applicant: The applicant voluntarily makes and offers to the Federal Land Bank of Columbia and the Bainbridge National Farm Loan Association, as an inducement for their respective consents to this assumption, the following financial statement, which is true and correct: Value of all land

owned, $11,000. Value of all buildings thereon, $5000. Value of all machinery [wag]ons and harness, 750. Of all other prop[erty] including cash, 750. Assets, 17,500. Total amount of real-estate mortgages including the mortgage to this bank, $3600. Total amount of all chattel mortgages, none. Total amount of unsecured debts, none. Total liabilities, $3600. 22nd day of June, 1931. Assumption. Charles M. Lane, applicant." These statements were sufficient to warrant the inference, if not demand it, that Mr. Lane had assumed the loan in his purchase of the land from Mrs. Drake. His application also showed that he was in possession of the land. The same inference was authorized with reference to notice to the bank that Mrs. Bush assumed the loan in her purchase of the land from Mr. Lane. Mrs. Bush's application to assume the loan contained the following statement: "All agreements heretofore entered into by the undersigned for the payment of the indebtedness secured by the said note are hereby confirmed." The application referred to the loan of C. M. Lane, with its serial number. If Mrs. Bush had made no agreement with the bank to pay the loan the natural inference is that such an agreement must have been made with Mr. Lane, or Mrs. Drake, or both. If Mrs. Bush had not agreed with any one to pay the note the above statement in the application to assume the loan would have been a rather senseless and meaningless statement. This was enough to cause the bank to inquire also whether Mrs. Bush was in possession of the land. The jury could reasonably infer that if Mrs. Bush had assumed the loan in a contract with Mr. Lane she did so in a contract of purchase under which she assumed the loan and went into possession of the land.

The letter from the bank evidencing the consent for Mrs. Bush to assume the loan and to grant her certain extensions is as follows: "The time for payment of the above items will be ,extended over a period of two years on the following basis: the extended items shall be liquidated by your paying annually on January 1 of each year, beginning on January 1, 1938, one-half of the amount of said items, plus accrued interest thereon. The plan of extension is subject to the following terms, conditions, and reservations: 1. The other terms, provisions, covenants and obligations of the note and/or mortgage and/or deed of trust and/or loan deed evidencing and securing this loan, shall in no manner be affected

hereby. 2. The bank expressly reserves all of its rights and remedies against all persons liable for the payment of the loan, as well as the rights and remedies of all persons not parties hereto who are liable for the payment of the loan." It was held in Stapler v. Anderson, supra, that such an agreement did not bind anybody but the parties to the agreement and those who assented thereto. The evidence in this case was that Mr. Lane did not assent to the provision. The reservation in number 2 of the plan of extension in the above letter of consent was ineffective because Mr. Lane did not consent to it, and the provisions of the negotiable-instruments law, Code, § 14-902; "A person secondarily liable on the instrument is discharged: . . (5) By a release of the principal debtor, unless the holder's right of recourse against the party secondarily liable is expressly reserved; (6) By any agreement binding upon the holder to extend the time of payment, or to postpone the holder's right to enforce the instrument, unless made with the assent of the party secondarily liable or unless the right of recourse against such party is expressly reserved," were held in Stapler v. Anderson, supra, not to apply to suretyship arising upon equitable principles under such circumstances as appear in this case.

■ The letter from the bank agreeing to extend the time of payment of the loan, addressed to Mr. Lane, recited the following: "Subject to the approval of the Bainbridge National Farm Loan Association and with the agreement of the others, if any, liable for the payment of this loan or who own any part of the mortgaged property, and subject to all the conditions and terms of the original note and mortgage (or loan deed) the time for payment of the indebtedness listed above will be extended over a period of five years on the following basis: the postponed payment shall be made by paying at the time each succeeding January 1st installment is due, beginning with the January 1, 1934, installment, one fifth of the amount of the postponed payment, plus accrued interest." The bank contends that since Mrs. Drake's approval of the extension was not obtained there was no extension as to Mr. Lane. The jury was authorized to find that the bank made no effort to ascertain whether Mrs. Drake had consented, or not as there was no evidence that it did. It accepted payments on the extensions from Mr. Lane, and is estopped now to say that it granted him no extension because Mrs. Drake had not consented.

■ The contention that the extensions would release the sureties only to the extent of the amounts as to which the extensions were granted is without merit. The effect of the extension agreements was that the loan would not be foreclosed against the one to whom the extension was granted during the time covered by the extensions, provided, of course, that the terms of the extension agreements were complied with, and also provided that other provisions of the original contract were complied with. The notes and deed between the bank and Mrs. Drake contained provisions for acceleration of the maturities of the notes as to which no extension was granted. The result of the extension agreements was that the sureties could not have paid up the loan and foreclosed as to all notes not due according to their dates. The privilege of accelerating the maturities of notes not due was closed as to the sureties as it was to the bank. While some other jurisdictions hold to the contrary the principle above set forth has been established in this State in the case of *Alropa Corporation* v. *Snyder,* supra.

There was no error in overruling the bank's motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*