20488. KIGHT *et al.* v. GILLIARD, Tax Commissioner, *et al.*

CANDLER, Justice. This litigation arose on May 23, 1958, when the plaintiff filed a petition in the Superior Court of Coffee County against the defendants, as the fiscal and taxing authorities of that county in their respective capacities, in which he complained about the valuation placed on his property for 1958 county and State ad valorem taxes. His action was also brought in behalf of other taxpayers similarly situated, and several taxpayers were later permitted to intervene in the cause and become parties thereto. In substance, the petition alleges that the plaintiff's property, as well as that of other taxpayers of the county, had been assessed for taxes without any investigation as to the fair market value thereof and without any intent, purpose, or attempt to equalize its value with the assessed value of the property of other taxpayers of the county of a like character and value. Besides for process, rule nisi, service, and general relief, there is a prayer that the defendants be temporarily and permanently enjoined from further proceeding to have the valuation of the plaintiff's property and that of other similarly situated taxpayers of the county increased and unequally assessed for county and State tax purposes; from compiling a tax digest for 1958 and transmitting it to the State Revenue Department of Georgia; and from levying any tax or fixing any tax

rate on the basis of the valuations placed on their respective items of property. On this petition and the defendants' answer thereto, which denied its substantial allegations, the trial judge after hearing the parties' evidence, dissolved the restraining order previously granted and refused to grant a temporary injunction, and so far as the record shows no supersedeas was applied for or granted. The defendants sued out a writ of error to this court, in which they assigned error on the judge's refusal to grant the temporary injunction prayed for, and this court affirmed that ruling on September 9, 1958. *Kight* v. *Gilliard*, 214 *Ga.* 445 (105 S. E. 2d 333). On February 28, 1959, the petition was dismissed on general demurrer and the exception is to that judgment. *Held:*

This court does not pass on moot questions. *Abernathy* v. *Dorsey*, 189 *Ga.* 72 (5 S. E. 2d 39). Unless the contrary appears, it will be presumed that all public officers, including the fiscal and taxing authorities of a county, have performed their official duties at the proper time and in the proper manner. *Stegall* v. *S. W. Ga. Regional Housing Authority*, 197 *Ga.* 571, 583 (30 S. E. 2d 196); *Savannah Beach, Tybee Island* v. *Lynes*, 200 *Ga.* 26 (35 S. E. 2d 912); *Southern Airways Co.* v. *Williams*, 213 *Ga.* 38 (3) (96 S. E. 2d 889). The defendants in this case were required by law to perform all of the acts sought to be enjoined on or before December 20, 1958 (Code § 92-5102; *Ford* v. *Cunningham*, 174 *Ga.* 171, 162 S. E. 387); and, since the court refused to restrain the defendants from performing those official duties at the proper time, it will, on application of the above-stated rule, be presumed that they were timely and properly performed by the defendants. Such being the case, the question presented for consideration is a moot one, and the mere fact that the plaintiffs might possibly derive some future benefit from its favorable adjudication, will not authorize this court to retain and decide the case. See *Wise* v. *Sims*, 182 *Ga.* 857 (187 S. E. 102).

*Writ of error dismissed. All the Justices concur.*

Submitted May 12, 1959—Decided June 5, 1959.

*Sapp & Holton, D. C. Sapp, Elie L. Holton,* for plaintiffs in error.

*J. W. Waldroup, E. R. Smith, Jr.,* contra.