21171. ANDERSON v. GRIMES *et al.*

CANDLER, Justice. Porter Anderson was indicted in Hall County for murder. On his trial he was convicted of voluntary manslaughter and sentenced to serve a term of from ten to fifteen years in the penitentiary. After the filing of a motion for new trial, the judge, on motion therefor, granted an order on May 12, 1960, allowing the defendant to post bail in the penal sum of $20,000 pending final determination of his motion. He gave such a bond, and on its approval by the Clerk of the Superior Court of Hall County, he was released from custody on May 13, 1960. He was later rearrested on warrants charging him with the commission of other criminal offenses in Lumpkin and Hall Counties, and on dates subsequent to his release on May 13, 1960. After being placed in the Hall County jail on those warrants, one of the sureties on his bond for $20,000 surrendered him to the Sheriff of Hall County, and requested that he be discharged from any further liability on the bond. The trial judge on November 10, 1960, granted an order releasing the sureties on his bond and revoking his order of May 13, 1960, allowing the defendant to post bail pending the outcome of his motion for new trial, and the Sheriff of Hall County transferred him to Fulton County jail for safekeeping. On December 7, 1960, the defendant filed a petition for the writ of habeas corpus against the Sheriff and Jailer of Fulton County, alleging that he was being illegally imprisoned by them under the sentence imposed on him in Hall County, since he was able to give a solvent bond in the sum of $20,000, and the order of the judge which

prohibited the clerk from accepting and approving such a bond for his appearance to abide a final judgment of conviction in his case was illegal and void. After a hearing, the applicant was remanded to the custody of the respondents and he excepted. *Held:*

A motion has been made in this court by the Solicitor-General of Hall County Superior Court to dismiss this case on the ground, which is not denied, that the Court of Appeals on January 20, 1961, affirmed the trial court's judgment of conviction, the remittitur affirming such conviction has been sent down and was on February 3, 1961, made the judgment of the trial court, and the accused is no longer in the custody of the respondents, but has been sent to the penitentiary and has entered upon the service of his sentence. In these circumstances the question presented for decision has therefore become moot, and this court will not decide moot questions. *Abernathy v. Dorsey,* 189 Ga. 72 (5 S. E. 2d 39); *Kight v. Gilliard,* 215 Ga. 152 (109 S. E. 2d 599). It is therefore ordered that the writ of error be and the same is

*Dismissed. All the Justices concur.*

SUBMITTED FEBRUARY 14, 1961—DECIDED MARCH 9, 1961.

*Frank B. Stow, Robert E. Andrews,* for plaintiff in error.
*Jeff C. Wayne, Solicitor-General, Sidney O. Smith, Jr.,* contra.