CHARLES J. LOFSTED, *Appellee,* v. OTTO F. BOHMAN
et al., *Appellants.*

No. 17,780.

SYLLABUS BY THE COURT.

1. MECHANIC'S LIEN—*No Judgment against Owner until Sub-contractor's Liens are Adjusted.* The owner who has partially paid the contractor for the erection of a building should not be subjected to a judgment in favor of such contractor for the claimed balance until the subcontractors have had their claims and liens finally adjudicated.

2. BUILDING CONTRACT—*Measure of Recovery.* When the contractor has in good faith constructed the building in substantial compliance with the terms of the contract he is entitled to recover the agreed price less such sum as will be required to effect strict and literal compliance.

Appeal from Trego district court. Opinion filed February 8, 1913. Modified.

*Lee Monroe, W. S. Roark,* both of Topeka, and *I. T. Purcell,* of Wa Keeney, for the appellants.

*David Ritchie,* of Salina, for the appellee.

The opinion of the court was delivered by

WEST, J.: Bohman owned a farm on which Lofsted contracted to build a house for $1600. The contractor bought his materials of Burbeck & Lucas, lumber dealers, who filed a subcontractor's lien for $559.53. Bohman paid Lofsted $1015 on the contract and furnished material and labor amounting· to $57.40. The subcontractors sued the contractor and owner to foreclose their lien, Bohman and wife answering admitting the lien, denying the correctness of the account and alleging that only a portion of the materials charged for had been used in the construction of the house. Lofsted answered admitting the correctness of the subcontractors' account, and in a second count alleged a fail-

ure of Bohman and wife to pay $585 of the contract price, for which he prayed judgment against them. They demurred to the second account, which demurrer was sustained. Lofsted dismissed that cause of action without prejudice and brought this action to recover the $585, praying that the same be adjudged a lien on the land. The defendants entered a general denial and a plea that the action should be dismissed and abated because of the pending suit to foreclose the subcontractors' lien, and further claimed a set-off for $57.40 for labor and material, afterwards admitted as correct, and $800 damages for failure to construct the house according to contract. They asked that if the action be not abated and dismissed the defendant Bohman have judgment against Lofsted for $340. The first trial resulted in a verdict in favor of the defendants. Upon a second trial, at the close of the evidence the defendants moved to abate the action, calling attention to the fact that the contractor had admitted that he claimed only 547.97, while by his answer in the lien suit he had admitted that there was still due the subcontractors $569.60. The motion was overruled. The jury returned a verdict in favor of Lofsted for $275.60, for which sum judgment was rendered against Bohman, the court also finding that the obligation merged in such judgment was for improvements upon defendants' homestead. A motion for new trial was overruled.

It is argued that this action was prematurely brought for the reason that the lien suit was still pending and undisposed of and that as Bohman had paid $1015 he could not be required to pay any further sum for material for which the men who furnished it were entitled to receive pay from Lofsted. The defendants also urge that the court erred in refusing to instruct the jury in substance that a contractor could not recover a stipulated price for erecting the building until he had substantially complied with his contract and

surrendered it to the owner free from all just claims for material; that he must first pay for the material and discharge the premises from any and all liability for liens thereon. Complaint is also made of an instruction given to the effect that if the jury found a substantial compliance with the building contract then the burden was on the defendants to show the amount of damages by reason of not having fully complied with the letter and spirit thereof; also, in sustaining an objection to the evidence of a carpenter as to his estimate of the difference in value between the building actually constructed and the one contracted for.

The provision of section 654 of the civil code that "until all such claims, costs and expenses are finally adjudicated, and defeated or satisfied, the owner shall be entitled to retain from the contractor the amount thereof, and such costs and expenses as he may be required to pay," is relied on as an all-sufficient ground for abatement of this action. The section does not in terms, however, authorize abatement, although it is plainly intended to provide against double payment. Section 651 provides that the owner affected by the lien shall not thereby become liable to any claimant for a greater sum than he agreed to pay the original contractor, but the risk of all payments to him shall be upon the owner until the expiration of sixty days from the time when the material or labor was last furnished, and that he may pay the subcontractor and receive credit on the amount due the contractor. Section 655 provides for the consolidation of actions brought to enforce liens, and for a stay to permit the filing of a lien if the building be still in course of construction, and section 658 directs the proceeds of a foreclosure sale to be paid *pro rata* if insufficient to pay all the claimants in full. It was certainly not intended that the owner should be subjected to a final judgment by the contractor for such portion of the contract price as he still owed the material men who had filed liens. Otherwise

the owner could be held liable to the contractor for the entire contract price, to be a lien on the land, and also find his property subjected to a lien for a portion of the same price due the subcontractor. This action should have been stayed until the lien suit was determined, and then the owner should have been protected by so shaping the judgment in this case as to save him from double payment or liability. The entire matter should have been adjudicated in the first suit, when the court had all the parties before it and when all the claims could have been adjusted. The jury found a number of items of damage allowed the defendant by reason of the plaintiff's failure to comply with the contract; also, that he made a *bona fide* effort to comply and employed competent and skilled workmen. Under such circumstances the rule is that the specific items of damage may be proved. It is only when the building so far departs from the one contracted for that there is no substantial compliance with the contract that the one actually constructed and the one agreed to be erected are to be valued separately so that the defendant may be required only to pay whatever the former is shown to be actually worth. Here, according to the findings of the jury, the parties contracted in advance as to the value of the building, and its construction in substantial conformity to the plan agreed upon left the defendant entitled to deduct only the damages caused by minor nonconformities. The rule will be found more fully stated in *McCullough v. Hayde,* 82 Kan. 734, 109 Pac. 176, and in *McCune v. Ratcliff,* ante, p. 653, 129 Pac. 1167.

We find no material error in the instructions given, or in the refusal of those offered by the defendants.

We are not advised as to the result of the lien suit and must treat this case as if that were still pending, as it was when the defendants sought to have this action abated.

The cause is remanded with directions to so modify

the judgment as to protect the defendants and the property involved from liability to the plaintiff beyond the contract price as reduced by the jury in this case until the claims due the subcontractors shall have been satisfied.

The defendants might have avoided this condition of things by permitting the entire matter to be litigated in the lien suit, and therefore the costs in this court will be divided.