F. G. McCUNE, *Appellant*, v. J. M. RATCLIFF, *Appellee.*

No. 17,758.

SYLLABUS BY THE COURT.

1. EVIDENCE—*Admission—Not Error.* Rulings upon the admission of testimony are examined and approved.

2. BUILDING CONTRACT — *Defective Construction — Measure of Damages.* The decision in *McCullough v. Hayde*, 82 Kan. 734, 109 Pac. 176, relating to the measure of damages upon a building contract for defective construction, is followed.

3. INSTRUCTIONS—*Measure of Damages.* Failure to give an instruction stating the measure of damages is immaterial where the evidence is confined to specific items set out in the pleadings, and the instructions restrict the jury to the consideration of such items, and no request is made for an instruction upon that subject.

Appeal from Sedgwick district court, division No. 1. Opinion filed February 8, 1913. Affirmed.

*Adams & Adams,* of Wichita, for the appellant.

*George McGill,* and *Blood & McCormick,* all of Wichita, for the appellee.

The opinion of the court was delivered by

BENSON, J.: This is an action to recover the balance alleged to be due on a written contract for the construction of a two-story brick business building and for alleged extra work. A counterclaim was interposed for damages for alleged defects in the plans furnished by the contractor and for defective workmanship. The claim for extra work was denied. The contract price was $7725, upon which there was a balance of $376.28 unpaid, and the value of the alleged extra work was claimed to be $164.65. The defendant claimed damages to the amount of $1585. A verdict was returned in favor of the defendant for $450.

The appellant alleges error in the rulings upon evidence and in the instructions.

Conflicting evidence was given upon the claim for extra work and upon the counterclaim. In the absence of special findings we are unable to determine how much, if anything, was found due for extra work, or what items of damages specified in the counterclaim were allowed. The amount allowed the appellee was well within his evidence of damages. The testimony tended to prove serious defects, requiring the rebuilding of the front wall above the first story, strengthening the second floor joists, and other necessary work to make the building conform to the contract.

The principal complaint of the ruling upon evidence relates to the admission of the testimony of an architect who had examined the building and detailed the manner of its construction, the defects therein, and the nature and probable expense of necessary repairs,

He was allowed to testify to particulars wherein the job had not been done in a workmanlike manner. Counsel say that the witness was asked and allowed to answer numerous questions, each of which was objected to. These objections are now insisted upon. Upon this very general complaint the questions and answers have been examined without finding any erroneous rulings. The witness was an architect of experience and competent to give opinions upon the matters covered by his examination. Other witnesses, carpenters and builders, described the building and its defects, which if their evidence is to be believed were not only serious but easily apparent. Having heard all the evidence in support of the counterclaim as well as that offered on the part of appellant in rebuttal a question of fact was fairly presented for the determination of the jury.

The appellant complains that an erroneous measure of damages was allowed, and therefore that the evidence of the architect and others estimating the expense of remedying defects in the building was erroneously admitted. Particular objections are made to questions asking the necessary expense of rebuilding the front wall of the upper story and of leveling the floor. It is contended that the measure of damages is the difference between the contract price and what the building would have been worth had the contract been complied with. While that rule may apply in some cases, this case was tried upon the right theory. Defects in the building were shown which must be remedied in order to make it conform to the contract and to make it reasonably fit for use. It appears from the verdict that this can be done by a modest outlay. The entire structure is not to be rebuilt, only the front wall of one story. This and the strengthening of joists and leveling the second floor are the principal items. Other incidental repairs are essential but the main structure will remain. When only particular

changes are necessary to make the building conform to the contract, otherwise substantially performed, the reasonable expense of these items affords a correct measure of damages. (*McCullough v. Hayde,* 82 Kan. 734, 109 Pac. 176.)

Complaint is made because the court failed to state any precise measure of damages in the instructions. This omission would doubtless have been supplied had attention been called to it, which the appellant should have done, if he deemed it necessary, suggesting the rule deemed applicable. However, the counterclaim set out the particular defects and the amount of damages claimed in respect to each of them. The evidence was presented accordingly, and the jury were instructed that if they found the building defective in any of these particulars, and that such defect was caused by the default of the plaintiff, the defendant should recover such damages therefor as the evidence showed that he had sustained. This instruction in connection with the evidence admitted, restricted the assessment of damages to the items pleaded. The case was tried and the damages awarded upon the correct theory, and the failure to otherwise state the measure of damages is immaterial.

The judgment is affirmed.