BLOCK *et al. v.* HAPP.

ATKINSON, J. An architect entered into a contract with owners of a lot, "to furnish drawings and specifications . . for the erection of a four-story brick building . . and [to] superintend the construction of the work," by building contractors. For his services the architect was to be paid a stated sum "on the signing of the contract," and another stated sum "on completion and acceptance of the work." The plans were drawn and submitted to the owners, and on the basis thereof they entered into a contract with another person for construction of the building. After completion of the building under supervision of the architect, it was received by the owners, who placed their tenant in

possession. Subsequently it was ascertained that the basement was insufficient to resist seepage and keep out water. The owners having failed to pay the last installment of the architect's fee, he instituted suit, and in his petition alleged full performance of the contract and prayed to recover the balance specified therein. The plea of the defendants admitted execution of the contract, but denied all other allegations of the petition. The plea also set up the deficiency of the basement and alleged that it was due to negligence and want of skillfulness of the architect in the preparation of the plans of the building and in supervising the work of construction; also, that in order to remedy the defect it had been necessary for defendants to expend certain sums for the cost of specified work and materials, which sums they sought to recover by way of recoupment. *Held:*

1. On acceptance of the work by the owners after the architect had rendered the entire services for which he had contracted, the architect was authorized to sue for the balance due him by the terms of the contract. Any damage to the defendants resulting from negligent performance of the contract by the architect was a matter for recoupment. Mitchell *v.* Caplinger, 97 Ark. 278 (133 S. W. 1032) ; Lofsted *v.* Bohman, 88 Kan. 660 (129 Pac. 1168) ; Woodward *v.* Fuller, 80 N. Y. 312; Greenberg *v.* Lumb, 129 N. Y. Supp. 182; Hubert *v.* Aitken, 5 N. Y. Supp. 839. In this connection see Benj. Sales (5th Eng. ed.) 562, Am. ed. § 564.

(a) On the plea of recoupment the burden of proof was on the defendants.

(b) Certain excerpts from the charge, upon which error was assigned, were in substantial accord with the foregoing principles.

2. The undertaking of an architect implies that he possesses skill and ability, including taste sufficient to enable him to perform the required services at least ordinarily and reasonably well, and that in a given case he will exercise his skill and ability, his judgment and taste, reasonably and without neglect. Coombs *v.* Beede, 89 Me. 187 (36 Atl. 104, 56 Am. St. R. 406, 412) ; 2 Ruling Case Law, 400, sec. 3. This principle was substantially presented by the court in his instruction to the jury; and the excerpts from the charge upon the subject therein mentioned, to which exceptions were taken, when considered in the light of the entire charge, furnish no ground for a new trial.

3. The charge: "It is not a matter of so much importance how much he [plaintiff] went there [to the building], whether he went there at all or not, unless damages are proven," intimates an opinion by the judge on the issue as to plaintiff's negligence in supervising the work of constructing the building; but in view of the last qualifying words, "unless damages are proven," when considered in connection with uncontroverted evidence showing the expense incurred by defendants in order to render the basement dry, and the general charge, the excerpt quoted affords them no cause for the grant of a new trial on account of an invasion of the province of the jury.

4. There was no error in refusing a new trial on any of the grounds.

*Judgment affirmed.   All the Justices concur, except Fish, C. J., absent.*

SEPTEMBER 22, 1915.

Complaint. Before Judge Mathews. Bibb superior court. September 5, 1914.

*Hardeman, Jones, Park & Johnston,* for plaintiffs in error.

*Harris & Harris,* contra.