40990. HALL v. SIDNEY CLOTFELTER, INC. et al.

DECIDED NOVEMBER 17, 1964—
REHEARING DENIED DECEMBER 16, 1964.

*Grubbs, Prosser & Burke, J. M. Grubbs, Jr.,* for plaintiff in error.

*R. M. Reed, Bryan, Carter, Ansley & Smith, Troutman, Sams, Schroder & Lockerman, Allen Lockerman, Ben F. Smith,* contra.

HALL, Judge. 1. The petition alleged that the defendant utility was negligent in that it did not prevent or take any steps to prevent electricity from arcing from its uninsulated high tension wires through a wet water oak tree to a boom through the erection equipment on which the plaintiff was working and into the plaintiff's body. There was evidence that three months before plaintiff's injury an employee of the defendant utility saw that the water oak tree was grown up into the transformer and wires but did not report or take any action about it. There was testimony that a tree that has been wet by rainfall will conduct electricity; that this tree needed trimming; that the condition the transformer and tree created was unsafe because there could be a grounding of electricity from the transformer or one of the lines into the tree; that the tree was wet and the truck carrying

the steel erection equipment on which the plaintiff was working was against the tree; and that there was a popping and cracking sound and a flash and the plaintiff was injured practically simultaneously. There was contradictory evidence and it is true that the plaintiff testified that he was aware of the high tension wires and that he knew from his experience that if steel equipment touched electrical wires it was dangerous. However, there was no evidence that the plaintiff knew that it was dangerous for the steel equipment to touch the wet tree, or that he knew that the wet tree with the defendant utility's equipment created a hazard.

"When a court passes upon a motion for a nonsuit it decides only one question, that is, do the allegations and the proof correspond? In sustaining such a motion the court does not hold that the plaintiff is not entitled, under the law, to recover on the facts alleged; neither does the overruling of the motion decide that the plaintiff is entitled under the law to recover. The right to recover under the facts alleged is not involved in the decision of such a motion. If a plaintiff 'proves his case as laid,' he is entitled to prevail as against a nonsuit; but it by no means follows from this that he is entitled to recover on the facts 'as laid.' Merely proving a fact will not in law authorize a recovery unless the existence of the fact proved gives a legal cause of action." *Kelly v. Strouse,* 116 Ga. 872, 883 (43 SE 119); *McGruder v. McGruder,* 215 Ga. 716 (113 SE2d 119); *Gray v. Schlapp,* 92 Ga. App. 261 (88 SE2d 536).

The above mentioned evidence of facts corresponding with the allegations of the petition having been introduced, the trial court erred in granting the nonsuit for the defendant Georgia Power Company.

Our courts have often stated that, when the plaintiff's evidence proves his case *as laid* and goes further and establishes the existence of other undisputed defensive facts which show that he is not entitled to recover, a nonsuit is proper. *Clark v. Bandy,* 196 Ga. 546, 561 (27 SE2d 17); *Fogarty v. Hartley,* 89 Ga. App. 437, 438 (79 SE2d 409); *Reeves v. Madray,* 101 Ga. App. 300, 303 (113 SE2d 651); *Benton v. Owens,* 105 Ga. App. 389 (124 SE2d 756). If in adjudicating a motion for nonsuit the court must decline to decide questions of law applying to the facts

pleaded by the plaintiff and shown by his evidence, but must decide questions of law applying to defensive facts shown by the plaintiff's evidence, it may be contended that the rule is inherently inconsistent. In any event, the evidence in this case does not as a matter of law establish such undisputed defensive facts.

A judgment denying a nonsuit does not adjudicate whether or not the evidence as a matter of law shows a cause of action or would support a verdict for the plaintiff. In reaching this decision, therefore, we do not hold whether or not the above facts, if found to be true by a jury, would support a finding that either party violated a duty of care to the plaintiff and thereby was negligent, as we are not "concerned with any question of substantive law with respect to the subject matter of the suit." *Whited v. Atlanta Coca-Cola Bottling Co.*, 88 Ga. App. 241, 248 (76 SE2d 408) ; *Rountree v. Seaboard Air-Line R. Co.*, 31 Ga. App. 231, 237 (120 SE 654).

2. The petition alleged that the defendant building contractor was negligent in failing to furnish the plaintiff a safe place in which to work. There was evidence that Sidney Clotfelter, Inc., was the general contractor and in charge of the over-all construction at the building site where the defendant was working. There was evidence that the place where the defendant was injured was a safe place to work, and there was evidence, set out in Division 1, that it was not safe. The evidence, though in conflict, was sufficient to support the petition *as laid,* i.e., the allegation that the place at which the plaintiff was working was unsafe. The trial court erred in granting the nonsuit for Sidney Clotfelter, Inc. We do not hold that the plaintiff proved, prima facie, that the defendant contractor violated a duty of care to the plaintiff and thereby was negligent. No such ruling is possible on motion for nonsuit for the reason that the question of substantive law (duty of care by a general contractor to an employee of a subcontractor) is not involved, and the question of whether the defendant contractor "was negligent in failing to furnish the plaintiff a safe place in which to work" is not before us. While many have expressed dissatisfaction with the rule of practice that excludes this question on consideration of a motion for non-

suit, it is the law of the State. *Rountree v. Seaboard Air-Line R. Co.,* 31 Ga. App. 231, 237, supra; *Florida Coca-Cola Bottling Co. v. Ricker,* 136 Ga. 411, 420 (71 SE 734); *Clark v. Bandy,* 196 Ga. 546, 559, supra. "Questions as to diligence and negligence, including contributory negligence, are peculiarly for the jury, except in plain and indisputable cases." *Brown v. Savannah Electric &c. Co.,* 46 Ga. App. 393, 397 (167 SE 773); *Smith v. Kleinberg,* 49 Ga. App. 194, 195 (174 SE 731); *Brown v. Atlantic C. L. R. Co.,* 79 Ga. App. 56, 59 (52 SE2d 660). If a defendant desires a dismissal of a negligence suit on the ground that it is plain and indisputable that under the substantive law of negligence he has violated no duty of care to the plaintiff, he should file a demurrer or a motion for directed verdict rather than attack the petition *as laid* by motion for nonsuit.

*Judgment reversed. Nichols, P. J., and Russell, J., concur.*