41267, 41297.  COVIL et al. v. ROBERT & COMPANY ASSOCIATES; and vice versa.

ARGUED APRIL 7, 1965—DECIDED SEPTEMBER 8, 1965.

*Claude Hambrick*, for plaintiffs in error.

*Woodruff, Savell, Lane & Williams, Edward L. Savell, John L. Westmoreland, Sr.*, contra.

BELL, Presiding Judge. ■ "A motion for nonsuit merely takes the place of what is known to the common law practice as a demurrer to the evidence." *Clark v. Bandy*, 196 Ga. 546, 559 (27 SE2d 17). "When a court passes upon a motion for a nonsuit it decides only one question—that is, do the allegation and the proof correspond?" *Kelly v. Strouse*, 116 Ga. 872, 883 (43 SE 280). In determining whether the trial court erred in granting a nonsuit, we must construe the evidence most strongly in favor of the plaintiffs. *National Land &c. Co. v. Zugar*, 171 Ga. 228 (2) (155 SE 7).

" 'The law imposes upon persons performing architectural, engineering, and other professional and skilled services the obligation to exercise a reasonable degree of care, skill and ability which generally is taken and considered to be such a degree of care and skill as, under similar conditions and like surrounding circumstances, is ordinarily employed by their respective professions.' *Housing Authority of City of Carrollton v. Ayers*, 211 Ga. 728, 733 (6) (88 SE2d 368)." *Bodin v. Gill*, 216 Ga. 467, 472 (1) (117 SE2d 325). See *Block v. Happ*, 144 Ga. 145, 146 (2) (86 SE 316). This standard of care properly is the subject

of expert opinion. By analogy with other cases in which recovery has been sought against persons for their negligence in performing skilled services, it was necessary here that plaintiffs establish the standard of care applicable to defendant by the introduction of expert opinion evidence. See *Shea v. Phillips*, 213 Ga. 269, 271 (2) (98 SE2d 552); *Howell v. Jackson*, 65 Ga. App. 422, 423 (16 SE2d 45); *Hayes v. Brown*, 108 Ga. App. 360, 363 (1) (133 SE2d 102). If this standard was not established by the necessary proof, the trial court was justified in the grant of a nonsuit. *Pilgrim v. Landham*, 63 Ga. App. 451, 455 (11 SE2d 420).

Under the foregoing requirement, the mere fact that the T-joint became disconnected would not be sufficient to show that a failure to brace it could amount to negligence. Yet, there was some opinion evidence which would support an inference of negligence in defendant's failure to provide the bracing. The testimony of the witness Enloe is quoted in the summary of facts. This evidence, however meager and indefinite, is sufficient to establish the necessary standard as against a motion for nonsuit since this slight evidence must be considered in the light most favorable to plaintiffs.

Defendant argues that plaintiffs' evidence (the plans and specifications prepared by defendant) disproves plaintiffs' allegations to the effect that defendant failed to provide bracing for the T-joint which became disconnected.

However, the provision in the specifications "Bends, valves and other points where deemed necessary shall be blocked or harnessed to resist thrust" was at best ambiguous and subject to misinterpretation by the persons whose job it was to carry the plans into effect. There is no contractual relationship between plaintiffs and defendant, as there was between defendants and the county and between the county and the primary contractor. Thus we are not concerned here with the problem of finding the intent of parties with reference to an ambiguous provision as in a contract. Whatever meaning the defendant actually intended to convey by the ambiguous provision in its specifications, all that we are concerned about with respect to this provision is whether it clearly and definitely required bracing for the T-joint in question. Obviously, being chaotic with ambiguity, it did not.

Although defendant might originally have conceived bracing for the T-joint, yet if it was negligent in expressing that concept by use of a provision which could be so interpreted as either to require or not to require the bracing and if the builder interpreted the provision as not requiring the bracing and plaintiffs consequently were damaged, then defendant's failure clearly to express the concept on paper would have the same effect as would a failure to conceive the bracing in the first place. The jury would have been authorized to find that the ambiguous provision was in fact a negligent failure to provide bracing for the T-joint which became disconnected.

Even if the contractor's interpretation and construction according to that interpretation constituted negligence of the contractor (failure to discover a defect or discrepancy in the plans) for which the latter also would be liable for the injuries to plaintiffs' land, this would not absolve defendant, for defendant must be held to have anticipated the interpretation made by the builder whether or not that interpretation would constitute negligence on the builder's part. See, e.g., *Southern R. Co. v. Webb,* 116 Ga. 152 (42 SE 395, 59 LRA 109).

In other respects the proof corresponding with the allegations of plaintiffs' petitions requires no discussion.

The trial court erred in granting defendant's motion for nonsuit.

■ Plaintiffs' petitions do not allege that the T-joint was installed according to the defendant's plans and specifications. When a case is based upon negligence of an architect or engineer in preparing plans, it is essential that the plaintiff prove that construction of the project designed was accomplished in compliance with the plans and specifications furnished by the defendant, at least with respect to that portion of the work claimed to be defective. Bayne v. Everham, 197 Mich. 181 (163 NW 1002). See Sanders v. Kalamazoo Tank & Silo Co., 205 Mich. 339 (171 NW 523); Lake v. McElfatrick, 139 N.Y. 349 (34 NE 922). Likewise, it is necessary that a plaintiff allege this element as an ultimate fact in his petition, for without it there would appear in the petition no causational link between the alleged negligence and the injuries complained of. When considered on

general demurrer or oral motion in the nature of a general demurrer, a petition must be construed most strongly against the pleader; in applying this rule the petition will be construed in the light of its omissions as well as its averments. *Macklen v. Lahman,* 196 Ga. 535, 537 (27 SE2d 35); *Toler v. Goodin,* 200 Ga. 527, 534 (37 SE2d 609). The pleader's failure to allege essential facts and his reliance upon allegations that fall short of the essential facts will be construed to import the absence of those facts. *Hulsey v. Interstate Life &c. Ins. Co.,* 207 Ga. 167, 170 (60 SE2d 353); *Sterling Materials Co. v. McKinley,* 218 Ga. 574 (1) (129 SE2d 770).

Here the petition alleged, "Construction of said repumping station was begun according to the plans and specifications prepared by defendant." This averment was insufficient as a substitute for the essential allegation that construction of the project was completed in compliance with defendant's plans or that the T-joint was installed in compliance with the plans.

The trial court erred in denying defendant's motion to dismiss in the nature of a general demurrer.

■ The holdings of error and necessity for reversal based on the main bill and cross bill of exceptions as discussed in Divisions 1 and 2 of this opinion may strike a discordant note in the reader's mind. This dissonance is due to the limitation of the question for decision on a motion for nonsuit. In sustaining a motion for nonsuit "the court does not hold that the plaintiff is not entitled, under the law, to recover on the facts alleged; neither does the overruling of the motion decide that the plaintiff is entitled under the law to recover. The right to recover under the facts alleged is not involved in the decision of such a motion. If a plaintiff 'proves his case as laid,' he is entitled to prevail as against a nonsuit; but it by no means follows from this that he is entitled to recover on the facts 'as laid.' Merely proving a fact will not in law authorize a recovery unless the existence of the fact proved gives a legal cause of action. *Kelly v. Strouse,* 116 Ga. 872, 883 (43 SE 280) [supra]; *McGruder v. McGruder,* 215 Ga. 716 (113 SE2d 119); *Gray v. Schlapp,* 92 Ga. App. 261 (88 SE2d 536) . . . The question of substantive law . . . is not in-

volved . . . while many have expressed dissatisfaction with the rule of practice that excludes this question on consideration of a motion for nonsuit, it is the law of the State. *Rountree v. Seaboard Air-Line R. Co.,* 31 Ga. App. 231, 237 [120 SE 654] *Florida Coca-Cola Bottling Co. v. Ricker,* 136 Ga. 411, 420 (71 SE 734)." *Hall v. Sidney Clodfelter, Inc.,* 110 Ga. App. 842, 843-844 (140 SE2d 54).

Here the apparent incongruity demonstrates sharply the limitation involved in a motion for nonsuit (Division 1 of the opinion) where the question for consideration is the relationship of the evidence to the pleadings and where substantive law may not be considered, as that limitation contrasts with another and different limitation involved in an oral motion to dismiss in the nature of a general demurrer (Division 2) where the question is the relationship of pleadings and substantive law and where the evidence may not be considered.

*Judgment reversed on the main bill of exceptions. Judgment reversed on the cross bill of exceptions. Frankum and Hall, JJ., concur.*