No. 22483.

BALCOM INDUSTRIES, INC., A COLORADO CORPORATION v. LAVERN C. NELSON, JOHN HALEY, WILLIAM D. PATTERSON AND WILLARD R. QUIRK, D/B/A NELSON, HALEY, PATTERSON AND QUIRK, ENGINEERING CONSULTANTS.

(454 P.2d 599)

Decided May 12, 1969.    Rehearing denied June 9, 1969.

M. E. H. Smith and W. A. E. Mitchell, for plaintiff in error.

Houtchens, Houtchens and Dooley, John J. Dooley, for defendants in error.

*In Department.*

Opinion by Mr. Justice Moore.*

Plaintiff in error, hereinafter referred to as Balcom, commenced an action against the defendants in error, who will be referred to as defendants, the purpose of which was to recover damages allegedly sustained by Balcom resulting from "faulty and defective design and plan" of blueprints prepared by defendants for the construction of a bean storage bin.

It was alleged in the complaint:

"That in June, 1962, the plaintiff, relying on the defendants' skill in designing and drawing plans for storage structures, employed said defendants to design and draw the plans and specifications for a bean storage bin, and pursuant to said employment the defendants designed

*Retired Supreme Court Justice sitting under assignment by the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

and drew the plans or specifications for the construction of a bean storage bin for the plaintiff and were paid therefor the sum of Three Hundred Forty-one Dollars ($341.00)."

It was also alleged that the contractor employed by Balcom "complied with the design, plans and specifications for the construction of said bean storage bin as designed, planned and executed by said defendants." It was further alleged that due to the

"negligence, lack of skill and faulty and defective design and specification-plans as prepared by the defendants, said bean storage bin lacked internal support, causing said walls to collapse inward and also resulted in the roof separating from the top of the bin * * *"

all of which resulted in damages to Balcom in the total sum of $16,252.35.

The defendants filed a third party complaint against the contractor employed by Balcom to build the bean storage bin. In the present posture of the case these third party proceedings are immaterial to any issue presented and accordingly will not again be mentioned.

For answer to Balcom's complaint the defendants denied negligence and lack of skill on their part, and affirmatively alleged that:

"The damages complained of by plaintiff, if any were in fact suffered, were proximately caused by the acts of another person or persons not under the control of these defendants and for whose acts these defendants are not liable."

The issues were tried to the court in a three-day trial during the course of which the trial judge made an inspection of the storage bin as it appeared following completion of the work allegedly required to place it in usable condition. The judgment entered by the trial court contained the following pertinent findings of fact concerning the manner in which the bean storage bin was erected by the contractor employed by Balcom:

"4. That said construction was not in accord with said

plans in the following respects:

"(a) the walers constructed on the outside of the building consisted of 11 in number instead of 12 as provided in said drawings;

"(b) said walers did not consist of one continuous member as provided in said drawings but consisted of more than one board which boards were lapped together and fastened with one bolt and which, therefore, were not the equivalent to one continuous member; that view by the Court revealed that said walers were 'elbowed' inward in several places and had also sagged downward; that the vertical rebars were not continuous in every instance and the horizontal rods were inadequately fastened to each other by loops rather than by a tie or welding;

"(c) that the roof rafters were not lapped to the studs as shown in the drawings but were notched;

"(d) that while the testimony concerning the requirements for the beams at the top of the building for the support of the rebars differed, the Third Party Defendant testified he was advised to build said beams of two 2 x 12 pieces of timber; that said Third Party Defendant did not make said beams of continuous 2 x 12 members but fastened two 2 x 12 timbers together so as to have the structural equivalent of only one 2 x 12 timber.

"5. That said construction variations from plans were material.

"6. After completion of said bin, certain 'kickers' were left in said bin by Third Party Defendant and said 'kickers' were not included in said plans; that holes existed in the bin during the first winter of its use; that buckets were hung on the rods which extended horizontally through the interior of the building and that people on occasion walked along or across said rods, all of which caused or contributed to cause or which might have contributed to cause the failure of said bin.

"7. That whether the plans were adequate or inadequate to accomplish the purpose desired concerns an area of expert opinion or judgment and that no negligence in the

exercise of such opinion or judgment has been established by a preponderance of the evidence."

The conclusions of law entered by the trial court were: "That a condition precedent to liability for negligent designs or plans is that construction be in accord with said designs or plans and said condition precedent has not been proved here by a preponderance of the evidence;

"That there can be no liability on the part of Defendants to Plaintiff on account of error in the area of opinion or judgment and that no negligence in the exercise of such opinion or judgment has been established here by a preponderance of the evidence;

"That matters other than faulty designs or plans were the proximate cause of the failure of said bin and the required proximate causal connection between the alleged negligent designs or plans has not been established by a preponderance of the evidence; * * *."

Judgment was entered in favor of the defendants. As grounds for reversal Balcom's attorneys present argument under ten captions. Reduced to its essence the entire argument is that the evidence was insufficient, as a matter of law, to sustain the findings of fact made by the trial court. Counsel for defendants argue that there is ample competent evidence supporting the finding of the trial court that the plans prepared by the defendants were not followed in material respects and that an element essential to recovery for defective building plans is proof that the building was erected according to the plans prepared by the defendants.

Our search of the record discloses sufficient competent evidence to support the findings of fact made by the trial court. No error was committed in applying the law to the facts thus found. In *Covil v. Robert and Company Associates*, 112 Ga. App. 163, 144 S.E. 2d 450, we find:

"When a case is based upon negligence of an architect or engineer in preparing plans, it is essential that the plain-

tiff prove that construction of the project designed was accomplished in compliance with the plans and specifications furnished by the defendant. * * *"

In 5 Am. Jur. 2d, *Architects* § 23, we find the following apt quotation:

"* * * an architect is not liable if the employer has failed to follow the plans in an important particular and damages result which may have been due to such departure."

The judgment is affirmed.

MR. JUSTICE PRINGLE, MR. JUSTICE HODGES and MR. JUSTICE LEE concur.