45320.   CHASTAIN et al. v. ATLANTA GAS LIGHT COMPANY et al.

Evans, Judge. 1. Since an appeal may be taken under *Code Ann.* § 81A-156(h) where a summary judgment is granted on

any issue or as to any party, the motion to dismiss the appeal as premature is denied. See *Code Ann.* § 6-701(4) (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073); *McLeod v. Westmoreland,* 117 Ga. App. 659 (1) (161 SE2d 335); *Levy v. G.E.C. Corp.,* 117 Ga. App. 673 (161 SE2d 339). Nor is the motion to dismiss because of laches and delay meritorious since there was no transcript (the delay was in the preparation of the record), and the delay is explained by (1) the request of one of the appellees to include the entire record in the transmittal of the appeal; and (2) the further certification by the clerk that the delay was not due to "any fault on the part of counsel for the appellants but to the stress of business."

2. Questions of negligence, as to cause and proximate cause, and as to what negligence or whose negligence constitutes the proximate cause of the damages incurred in tort cases, except in plain and palpable cases, are solely for the jury. *Long Constr. Co. v. Ryals,* 102 Ga. App. 66 (1) (115 SE2d 726); *Malcom v. Malcolm,* 112 Ga. App. 151, 153 (144 SE2d 188).

3. A party who moves for summary judgment in a case premised on negligence has a considerable burden, and if the moving party is defendant, sometimes he cannot obtain a summary judgment when he might be able to secure a directed verdict at the trial of the case. A motion for summary judgment may be denied a defendant in such case because he is not simply weighing his evidence against the evidence of the plaintiff, but each and every allegation of negligence in the plaintiff's complaint must be negated, with all presumptions being in favor of the plaintiff (the party opposing the motion for summary judgment), and the complaint of plaintiff thereby being elevated to the dignity of evidence. See *Southern Bell Tel. & Tel. Co. v. Beaver,* 120 Ga. App. 420 (3) (170 SE2d 737). This court has repeatedly held, and particularly in negligence cases, that it is permissible to grant a motion for summary judgment only when there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. See *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442); *Malcom v. Malcolm,* 112 Ga. App. 151, supra. The burden to establish the lack of a genuine issue of fact and the right to a judgment as a

matter of law is upon the moving party, and any and all reasonable doubts as to the existence of such issue are resolved against the movant, with the trial court giving the party opposing the motion "the benefit of all favorable inferences that may be drawn from the evidence." *Holland v. Sanfax Corp.,* supra. Thus, in negligence cases, it must be plainly and palpably shown that the defendants in no way contributed to the proximate cause of the damages incurred in order for the trial court to sustain a motion for summary judgment in their favor.

4. Where, as here, the defendants sought summary judgment, and the plaintiff submitted an affidavit of an expert in the field of professional engineering who stated his qualifications and knowledge of the interrelated practice of architecture, engineering, and land surveying as each pertains to the planning, designing and supervision of the construction of apartment and housing projects, together with his knowledge of and familiarity with design and construction of utility distribution systems, and his testimony conflicts with the testimony of the movants, it cannot be said that a plain and palpable case of no negligence exists in favor of these defendants. He states positively that he examined all the maps, plats and drawings related to the construction project on which the plaintiff as a subcontractor was damaged; that he observed the work site, which includes all the projects of the owner, including contiguous roads, streets, and easements for utilities, areas used for storage of materials, rights of way used for access to and from work areas; all borrow and spoil areas for securement and disposal of earth-fill materials, which specifically included reference to the southeast corner of the work area as being a part thereof, and none of the plot plans, plats or documents prepared by or for the architect showed the existence of "the subject twelve-inch high pressure gas line on the premises and work site." He further deposed that "by omission . . . from each of the drawings or specifications and with no notations on any of these drawings or specifications to the effect that some or part of the utility locations might be omitted therefrom" each of the various engineers and consultants who were jointly sued, and the architect, had furnished incorrect and improper advice "for safe con-

struction including moving of earth materials in the borrow area in and around the existing twelve-inch gas line." He also deposed that when any utility installations are omitted from a topographical survey, "it is conventional to note the survey drawing in order to alert the users of that drawing that all utilities have not been shown on the drawing"; that these locations normally are marked in some manner to warn the public of the presence of hazard, particularly in populated areas or rapidly developing areas; and that experience has shown that large high-pressure gas pipeline installations are inherently dangerous and require protection from casual contact by the public and that these must be adequately marked or protected from direct contact with construction operations. He further deposed that both utilities involved occupied a common easement through the work site and borrow area; that in accordance with good, proper and customary practice within the utility industry, it was his expert opinion that it was the responsibility of both and each to periodically and regularly patrol the areas of their utilities and easements in order to detect and prevent dangerous conditions from resulting in injuries to the public from their installations, "including construction activities on or about these easements." There was also testimony that the gas line was not marked in any manner on the surface.

(a) A general rule of law is that persons performing architectural, engineering and other professional and skilled services assume an obligation to exercise a reasonable degree of care, skill and ability, which, generally, is taken and considered to be that degree of care and skill as, under similar conditions and like surrounding circumstances, is ordinarily employed by their respective professions. See *Block v. Happ,* 144 Ga. 145 (2) (86 SE 316); *Housing Authority of City of Carrollton v. Ayers,* 211 Ga. 728, 733 (88 SE2d 368); *Bodin v. Gill,* 216 Ga. 467 (1) (117 SE2d 325). This standard of care properly is the subject of expert opinion. The plaintiff having offered the affidavit of an expert in this instance showing his examination of the premises, including the maps, plats, drawings and specifications, and his expert opinion based hypothetically on the facts of the case

from his examination thereof, creates a conflict with the other evidence in the record. See *Shea v. Phillips,* 213 Ga. 269 (2) (98 SE2d 552); *Howell v. Jackson,* 65 Ga. App. 422, 423 (16 SE2d 45); *Hayes v. Brown,* 108 Ga. App. 360, 363 (133 SE2d 102); *Covill v. Robert & Co. Associates,* 112 Ga. App. 163, 167 (144 SE2d 450).

(b) There was evidence that the architect required the owner to furnish a survey of the area; that the preparatory survey was made with the power line and a water line shown thereon, but the gas line was not shown on such survey; and that if it had been shown thereon it would have been utilized by the other concerned professionals. There was conflicting testimony as to whether or not an expert surveyor could have located the gas pipeline. The above evidence is sufficient to deny summary judgment as to the surveyor preparing the preparatory survey for the project, and a jury question remains as to whether or not he was negligent.

(c) The architect contends that his contract does not hold him liable to the plaintiffs; but as the chief artificer, master builder and superintendent of the execution of his own designs, plans and specifications drawn for the owner, he is, in effect, the alter ego of the owner on the job site as a professional to carry out the construction about which the owner has little knowledge and for which the architect has been employed. The conflicting evidence here was sufficient to deny summary judgment, and to hold the architect in the case for trial. *Cox v. Ray M. Lee Company, Inc.,* 100 Ga. App. 333 (111 SE2d 246); *Covil v. Robert & Co. Associates,* 112 Ga. App. 163, supra.

(d) Summary judgment, for the same reasons stated above, should have been denied each and every one of the professional and mechanical engineers employed in their professional capacities to perform services on this project.

(e) The evidence shows, although conflicting, that the 12-inch pipeline as constructed was less than 24 inches below the surface at the fire location and in other places, and without any markings as to its location, although on the trial other reasons may be offered why it was less than 24 inches below the surface. Thus the evidence was in dispute as to both the construc-

tion and maintenance of this gas pipeline. The court erred in granting summary judgment in favor of the construction company which constructed the pipeline for the gas company, and, erred in granting summary judgment in favor of the gas company which maintained the gas pipeline in this manner, knowing of its inherent and intrinsic danger to others. See *Hand v. Harrison,* 99 Ga. App. 429, 430 (108 SE2d 814); *Cox v. Ray M. Lee Co.,* 100 Ga. App. 333, 335, supra; *Covil v. Robert & Co. Associates,* 112 Ga. App. 163, 166, supra.

(f) The easements of record fail to show the power company had any power to control and limit the use of the gas company's easement or to mark its location. Indeed, the evidence is conflicting as to whether the explosion and fire occurred on the easement of the power company, although occurring when the excavation equipment struck the pipeline of the gas company. The power company's only connection with this occurrence is that it holds an easement for power lines over the same land as the gas company's easement for a pipeline. The power company does not have the duties of an owner or occupier of this land. The grantee of an easement does not have such a status. *Donalson v. Ga. Power &c. Co.,* 175 Ga. 462 (165 SE 440). While the power company may or may not have had knowledge about the construction through its regular patrols of the power line, it would not be required to warn the public of hidden dangers and perils on a neighbor's property. Indeed, there is no evidence it had such knowledge. The only testimony as to its knowledge is that of an expert who states that in accordance with good, proper and customary practices of utilities making periodic and regular inspections, required in the utility industry, it was the responsibility of both and each of these utilitites "to detect and prevent dangerous conditions from resulting in injury to their installations and the public, including construction activities on or about these easements." This testimony cannot be construed to create a duty of each of these utilities to protect the other. The power company did not contribute in any manner to the proximate cause of the damages occurring to the plaintiffs whether or not it had knowledge of the proposed construction.

(g) The court erred in granting the motions for summary judg-

ment against all of the appellees except the Georgia Power Company. The motion for summary judgment was properly granted as to it.

*Judgment reversed in part; affirmed in part. Hall, P. J., and Deen, J., concur.*

ARGUED MAY 6, 1970—DECIDED JUNE 25, 1970.

*Shoob, McLain & Jessee, C. James Jessee, Jr.,* for appellants.

*Raymond M. Reed, J. Dudley McClain, Jr., Nall, Miller & Cadenhead, Lowell S. Fine, Woodruff, Savell, Lane & Williams, Edward L. Savell, Gerald C. Friedlander, Custer & Smith, Lawrence B. Custer, Dennis & Fain, Douglas Dennis, Troutman, Sams, Schroder & Lockerman, Robert L. Pennington, Wm. H. Schroder, Jr., O'Kelley, Hopkins & Van Gerpen, Earl J. Van Gerpen, John M. Bobis,* for appellees.