## 49559. JOINES v. SHADY ACRES TRAILER COURT, INC.

QUILLIAN, Judge.

James L. Joines brought this action in the Dougherty Superior Court against Shady Acres Trailer Court, Inc. alleging a wrongful foreclosure of a certain security deed covering property located in Dougherty County. The plaintiff in his complaint set forth that he was not in default of the provisions of the security deed between the parties when foreclosure was instituted by the defendant and that in any event a legal tender of the balance owed on the security deed prior to the time of foreclosure was made on behalf of the plaintiff. The case came on for trial before a jury and resulted in a verdict in favor of the plaintiff. After entry of the verdict and judgment and based upon a prior motion for directed verdict, the defendant filed a motion for judgment notwithstanding the verdict which motion was sustained by the trial judge. From this order appeal was taken by the plaintiff. *Held:*

1. The plaintiff urges that there was no basis to sustain a default under the terms of the deed to secure debt. This involves a consideration of the following provision of the security instrument which we set forth in toto: "This deed is also to secure the following undertakings by me in favor of said grantee (1) that I will keep fire insurance upon the buildings on said property, to the amount of twenty-five thousand ($25,000) dollars, paying the premiums therefor, said insurance made payable to said grantee, or its successors or assigns, as my interest may appear at time of loss, and (2) I will keep all taxes paid on said property before the same shall be in default and that if I shall fail to do either or both of the things agreed to, that said grantee may take out such insurance or pay said taxes, advancing the money necessary for such purpose, and charge the same to me thereby adding such amounts so paid to the debt hereby secured, with interest thereon at the rate of 9 percent, per annum. It is expressly agreed that in case of any default in payment of interest, or insurance premiums or of taxes *as agreed on* or of any one of the notes when it

shall fall due, then the grantee, or its successors or assigns may treat the entire debt, thereby secured, as due for all purposes whatever." (Emphasis supplied.)

From evidence adduced at the trial it appears that the taxes on the property were delinquent and the property was being advertised for sale; the principal officer of the defendant paid the taxes; the plaintiff did not ever pay the taxes although he testified he did offer to reimburse the defendant. There was no insurance on one of the buildings at the time a $3,000 loss was sustained. The plaintiff testified he informed defendant's officer there was no insurance on the building in question and that he couldn't get any, and that in response he was told: "You have got to have some."

Although admittedly there was a failure to pay taxes and take out insurance, the plaintiff argues that his action in offering to pay the defendant compensation in this regard would eliminate the default. The plaintiff contends that the language "as agreed on" refers to the provision with regard to the action of the grantee in advancing money to pay insurance or to pay taxes, and that no default would occur until the plaintiff failed to reimburse the grantee for his payment of insurance or taxes.

The language "as agreed on" refers to the obligation on the part of the plaintiff as grantor in the deed to secure debt to keep fire insurance in the amount of $25,000 and to pay the taxes on the property before "the same shall be in default." The failure of the plaintiff to fulfill these obligations was the basis for a default and for the plaintiff to treat the entire debt as due. *Ford v. Cunningham,* 174 Ga. 171 (3) (162 SE 387); *Delray, Inc. v. Piedmont Investment Co.,* 194 Ga. 319, 323 (21 SE2d 420); 59 CJS 788-789, Mortgages, § 495 (4).

2. The plaintiff also contends that a valid tender was made of the full amount due prior to the sale. In this regard the evidence showed that the contract contained the following provisions: "The above debt represents the balance of the purchase price for the above described property and there being an outstanding Deed to Secure Debt against the above described property in favor of Howard A. Randall and Chappie V. (Mrs. Howard A.)

Randall . . . securing a debt in the original amount of $29,278.32, the grantee herein agrees that the said James L. Joines may make the monthly payments on the $30,000 portion of the debt hereby secured to the grantee herein and the said Howard A. and Chappie V. Randall jointly."

The evidence conclusively established at the time of the tender the amount of $28,627 was owed under the deed to secure debt. The plaintiff offered to tender the defendant an amount constituting the difference between $28,627 and $21,195.81 which was owed under the prior and outstanding deed to secure debt to Howard A. and Chappie V. Randall, to wit a sum of $7,431.19. The $21,195.81 was offered as a separate check to Howard A. and Chappie V. Randall. The defendant refused to accept a check for less than the full amount owed, that is, $28,627.

The plaintiff argues that the provision in the deed to secure debt allowed him to separate the two payments offering one amount to the defendant and one amount to the holder of the prior and outstanding deed to secure debt. The language is clear in that it allows the plaintiff to make payments to the parties jointly but not separately.

A tender for less than the full amount or tender which includes conditions does not constitute such full and unqualified tender as would serve to relieve the plaintiff in a situation of this sort. Code § 20-1105; *State Hwy. Dept. v. Hewitt Contr. Co.,* 115 Ga. App. 606 (1b)(155 SE2d 422); *Heath v. Miller,* 205 Ga. 699 (54 SE2d 432).

Since, as a matter of law, the plaintiff failed to establish a wrongful sale, the trial judge did not err in granting the defendant's motion for judgment notwithstanding the verdict.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED JULY 1, 1974 — DECIDED OCTOBER 9, 1974.

*Burt, Burt & Rentz, D. D. Rentz,* for appellant.
*Clarence A. Miller,* for appellee.