64524. H. ELTON THOMPSON & ASSOCIATES, P.C. v. WILLIAMS et al.

SOGNIER, Judge.
Donald E. and JoAnn Street Williams sued H. Elton Thompson & Associates, P.C. (Thompson), the W. H. Peacock Construction Company (Peacock), and the Douglas County School District for damages. Their lake was damaged by silt and mud deposited by surface water run-off during and after construction of a new school, for which Thompson was the project architect and Peacock was the contractor. Thompson and the School District filed cross-claims against Peacock; the School District also filed a cross-claim against Thompson. The jury returned a verdict for Mr. and Mrs. Williams and found Thompson, Peacock, and the School District liable in the respective amounts of $5,000, $8,000, and $1,000. See *Jones v. Hutchins,* 131 Ga. App. 808, 809 (2) (207 SE2d 224) (1974). The jury returned verdicts unfavorable to both cross-claimants. Thompson is

the sole appellant.

Thompson contends that the trial court erred in denying its motion for judgment notwithstanding the verdict. Appellant argues that there was no evidence of the standard of care required of an architect or that Thompson deviated from any professional standard. We agree.

Appellees alleged that Thompson's negligence in the design of the structure, grading, and site work resulted in damage to their lake. " ' "The law imposes upon persons performing architectural, engineering, and other professional and skilled services the obligation to exercise a reasonable degree of care, skill and ability, which generally is taken and considered to be such a degree of care and skill as, under similar conditions and like surrounding circumstances, is ordinarily employed by their respective professions." [Cit.]' [Cits.] This standard of care properly is the subject of expert opinion. By analogy with other cases in which recovery has been sought against persons for their negligence in performing skilled services, it was necessary here that plaintiffs establish the standard of care applicable to defendant by the introduction of expert opinion evidence. [Cits.]" *Covil v. Robert & Co. Assoc.,* 112 Ga. App. 163, 166-167 (144 SE2d 450) (1965), reversed on other grounds, 222 Ga. 469 (150 SE2d 663) (1966). Expert testimony is required because the court and jury are not permitted to speculate as to the standard against which to measure the acts of the professional in determining whether he exercised a reasonable degree of care. *Hughes v. Malone,* 146 Ga. App. 341, 345 (247 SE2d 107) (1978); *Pilgrim v. Landham,* 63 Ga. App. 451, 455 (4) (11 SE2d 420) (1940).

Only in very clear and palpable cases may we dispense with the requirement for expert testimony establishing the parameters of professional conduct. *Hughes,* 146 Ga. App. at 345, supra. The instant case concerns the effectiveness of an architect's design meant to control soil erosion by methods of grassing and placement of hay bales. This case is not so clear and palpable as to be excepted from the requirement for expert testimony.

On reviewing the trial court's denial of appellant's motion for judgment notwithstanding the verdict, this court must construe the testimony most favorably to the party in whose favor the verdict was rendered. *Price v. Schoefer,* 137 Ga. App. 704, 705 (224 SE2d 854) (1976). See also *Folsom v. Vangilder,* 159 Ga. App. 844 (285 SE2d 583) (1981). The only experts testifying were Thompson and a civil engineer called as a witness by the School District, whose practice related substantially to grading, drainage, water control and silt control.

The engineer testified: "If you have a situation where you think

that the downstream liability is minimal and the chance of serious property damage is minimal then you can utilize the simple facilities like hay bales. However, if you anticipated serious downstream problems you would be talking about more extensive facilities such as a dike. . . . [I]f it's commonly known there is a serious downstream potential problem it would be prudent, although it's not always done even by very competent people, it would be prudent to include in the design some provision for either an effective dike or effective silt fences. . . ." There was no expert testimony that this situation was one which in the exercise of ordinary care required a different method than Thompson utilized.

The engineer was asked, "[I]n your opinion were the waterflow methods and silt retention methods which were then being employed effective or sufficient to protect an adjoining property owner downstream having a lake on it?" He responded, "No, sir. What I saw was not adequate in my estimation. That's not to say there might have been more in place prior to my coming on the site, but what I saw was not sufficient." However, there was no showing that negligence on Thompson's part was the cause of the inadequacies in the implementation of the erosion control plans.

The engineer also testified that where a site has a fish pond downstream "[it] would be prudent to exercise more than ordinary care." This does not, however, supply the need for evidence of what would have been done in the exercise of *ordinary* care. See *Wagner v. Timms,* 158 Ga. App. 538, 539 (281 SE2d 295) (1981).

Considering the testimony most favorable to appellees, we are unable to find any testimony setting forth, even minimally, the standard of care, skill, and ability of an architect under similar conditions and like surrounding circumstances. *Covil,* 112 Ga. App. at 166, supra. Further, the expert opinion testimony failed to raise even an inference of negligence on Thompson's part. See *Ponce de Leon Condominiums v. DiGirolamo,* 238 Ga. 188, 192 (232 SE2d 62) (1977).

There being no evidence to prove an essential element of appellees' case against Thompson, there was no issue for the jury. The evidence demanded a verdict for Thompson and the trial court erred in denying his motion for judgment notwithstanding the verdict. See *Joines v. Shady Acres Trailer Court, Inc.,* 132 Ga. App. 854, 856 (209 SE2d 268) (1974). Cf. *Mass. Bonding & Ins. Co. v. Bins & Equip. Co.,* 100 Ga. App. 847 (112 SE2d 626) (1959).

*Judgment reversed and remanded. Pope, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED DECEMBER 1, 1982.

*Martha Mullins, G. Michael Hartley,* for appellant.
*Harold A. Lane, John C. Gray, Marshall L. Helms, Jr., Kenneth W. Krontz,* for appellees.