69645. TOMBERLIN ASSOCIATES, ARCHITECTS, INC.
v. FREE et al.
(329 SE2d 296)

McMurray, Presiding Judge.

Appellant Tomberlin Associates, Architects, Inc., designed a housing project on behalf of the Housing Authority of the City of Clayton. The project was constructed upon property lying next to lands owned by four groups of plaintiffs: the Lewis Free plaintiffs, the Ervin Free plaintiffs, the Mrs. J. R. Mitchell plaintiffs and plaintiff Douglas Mitchell. Alleging that their lands had been damaged by mud and silt from the project, the plaintiffs brought this trespass action against appellant, the housing authority and the general contractor of the project, Site, Inc. The housing authority filed a cross-claim against its co-defendants and the case proceeded to trial. Verdicts were rendered on behalf of the plaintiffs against the defendants in varying amounts. In addition, the jury rendered verdicts upon the housing authority's cross-claim. Judgments were entered by the trial court in accordance with the jury's findings. (Even though one action was filed, the court entered a separate judgment reflecting the jury's findings concerning each group of plaintiffs.) Insofar as this appeal is concerned, we need only consider the awards in favor of two groups of plaintiffs, the Lewis Free plaintiffs, and the Mrs. J. R. Mitchell plaintiffs.

With regard to the Lewis Free plaintiffs, the jury determined that appellant was liable for compensatory damages in the amount of $5,500, punitive damages of $10,000 and expenses of litigation in the amount of $6,676.31. It also found that the housing authority was liable to the Lewis Free plaintiffs for litigation expenses in the amount of $6,676.31; and that the appellant was responsible for $5,006.31 of that amount.

As to the Mrs. J. R. Mitchell plaintiffs, the jury found appellant liable for $10,000 compensatory damages, $60,000 punitive damages and litigation expenses of $5,514.50. It also determined that the housing authority was liable to these plaintiffs for $4,500 compensatory damages and litigation expenses of $5,514.50; and that the housing authority could recover the sum of $10,014.50 from appellant. Motions for new trial, as amended, as to the respective verdicts were denied and this appeal followed. *Held:*

1. In its first enumeration of error, appellant contends the evidence was insufficient to support the verdict because there was no testimony at trial concerning the degree of care and skill to be employed by architectural firms under similar conditions and like circumstances. In a related enumeration, appellant asserts the trial court erred by allowing appellees' expert, Mr. Boyd Steed, a civil engineer, to testify that the erosion control plans designed by appellant were

not equal to the standards of professional experience and practice found in the field of civil engineering. These enumerations are not meritorious.

Although it is unlawful for anyone other than a professional engineer to practice professional engineering in this State, OCGA § 43-15-7 (a), a qualified architect can engage in engineering practices when such practices are incident to the practice of architecture. OCGA § 43-15-29 (a). In the case sub judice, appellant did not limit its services to architectural endeavors. Appellant's contract with the housing authority provided: "The Architect shall supply professional services necessary for planning and designing the Project, including architectural, site planning, structural engineering, mechanical and electrical engineering, civil engineering, landscape architectural, cost estimating and other services required for the complete performance of this Agreement." Thus, appellant took it upon itself to render civil engineering services to the housing authority, a task which appellant was qualified to perform in conjunction with its architectural practice. Since appellant undertook the performance of civil engineering skills, it is appropriate that it be judged by civil engineering standards. See generally *H. Elton Thompson & Assoc. v. Williams*, 164 Ga. App. 571, 572 (298 SE2d 539); *Sandford v. Howard*, 161 Ga. App. 495 (288 SE2d 739).

2. Alleging plaintiffs presented no evidence of stubborn litigiousness or unnecessary trouble and expense, appellant contends the trial court erred in charging OCGA § 13-6-11. We find no reversible error here. Appellant acknowledges the jury was entitled to consider evidence of bad faith in determining whether plaintiffs were entitled to recover expenses of litigation. We cannot say the inapplicable portion of the Code section was calculated to mislead or erroneously affect the jury in its rendition of the verdict. Accordingly, the charge does not require a reversal of the judgment. *Shelton v. Rose*, 116 Ga. App. 37, 40 (3) (156 SE2d 659).

3. Concerning punitive damages, the court charged the jury: "Now one element of damages which the Plaintiffs are seeking from the Defendants, except the Housing Authority, is for punitive damages. In regard to punitive damages, I charge you that in every tort there may be aggravating circumstances either in the act or in the intention, and in that event the jury may give additional damages to deter the wrong-doer from repeating the trespass . . . [I]n order to authorize the imposition of such damages, there must be evidence of willful misconduct or that entire want of care which would raise the presumption in your mind of a conscious indifference to consequences . . . I charge you that one who enters upon and injures another's land is not though a trespasser liable for punitive damages when the acts causing the injury were done in good faith and there was nothing in

the manner of doing such acts to indicate intention to wantonly disregard the rights of the true owner. For a trespasser to be liable for punitive damages, he must act in *bad faith* or in such manner as I have previously charged you." (Emphasis supplied.) Appellant contends the trial court erred in charging the emphasized portion of the charge because it improperly authorized the jury to award attorney fees if it found "bad faith" on the part of defendants. We disagree.

Punitive damages may be awarded where there is evidence of willful misconduct, malice, fraud, wantonness, or oppression. *Gordon v. Ogden*, 154 Ga. App. 641 (1) (269 SE2d 499). Conversely, punitive damages may not be inflicted where a person acts in "good faith." *Dalon Contracting Co. v. Artman*, 101 Ga. App. 828, 835 (4) (115 SE2d 377). Since "bad faith" is merely the opposite of "good faith," Black's Law Dictionary (4th Ed. 1957), we cannot say the trial court erred in charging the jury on the law of punitive damages.

4. Appellant correctly contends the evidence was insufficient to support the award of attorney fees against it. Although itemized statements were introduced in evidence reflecting the nature of the work performed by the attorneys for the four groups of plaintiffs, there was no way for the jury to properly allocate the attorney fees among the various groups of plaintiffs. (The Lewis Free plaintiffs and the Ervin Free plaintiffs were represented by one attorney; the Mrs. J. R. Mitchell plaintiffs and plaintiff Douglas Mitchell were represented by a different attorney.) Reviewing the record, it would appear that litigation expenses of the Ervin Free plaintiffs and plaintiff Douglas Mitchell were included in the amounts of attorney fees awarded to the successful litigants. Accordingly, the portions of the judgments awarding expenses of litigation to the Lewis Free plaintiffs and the Mrs. J. R. Mitchell plaintiffs are in error and must be disallowed. See generally *Altamaha Convalescent Ctr. v. Godwin*, 137 Ga. App. 394, 397 (3) (224 SE2d 76).

5. The trial court properly charged the jury concerning damages to the property of the Mrs. J. R. Mitchell plaintiffs. In addition, the trial court charged the jury as follows: "Mrs. Mitchell contends that the driveway to her home was unlawfully interfered with. If you find that there was an unlawful interference with her use of her driveway, then damages for such unlawful interference are compensatory and in this regard . . . the measure of damages would be your enlightened conscience." Appellant contends the court erred by charging the jury concerning the interference with Mrs. Mitchell's driveway because no evidence was introduced to demonstrate that the interference was caused by design defects. This contention overlooks the fact that, on at least one occasion, appellant's Chief of the Works, Mr. Curtis Burkeholder, parked in Mrs. Mitchell's driveway. Moreover, there was evidence that employees of defendant Site, Inc. interfered with Mrs.

Mitchell's use of her driveway. Accordingly, the evidence was sufficient to justify the trial court's interference charge.

6. Appellant contends the trial court erred in charging the jury that all housing projects are subject to planning, zoning, sanitary and building laws applicable to the locality in which the project is situated. Appellant acknowledges that this is a correct statement of the law. See OCGA § 8-3-7. It asserts, however, the charge was improper because no competent evidence of the applicable zoning regulations was introduced at trial. Because this objection to the charge was not raised in the trial court, it cannot be considered upon review. "A party may not complain of the giving or failure to give an instruction to the jury, unless [it] objects thereto before the jury returns its verdict, stating distinctly [its] objection and the grounds of [its] objection." *Hunter v. Batton*, 160 Ga. App. 849 (1) (288 SE2d 244).

7. With respect to the Lewis Free plaintiffs, only defendant Site, Inc. and the appellant were found by the jury to be liable for compensatory and punitive damages. (In passing, we note the anomalous fact that the jury found the housing authority liable for the Lewis Free expenses of litigation without finding it liable for actual damages.) Defendant Site, Inc. is a North Carolina corporation. Appellant is a Georgia corporation transacting business in Atlanta. Thus, appellant contends venue was proper under a joint tortfeasor theory (see *Steding Pile Driving Corp. v. John H. Cunningham & Assoc.*, 137 Ga. App. 165, 166 (223 SE2d 217)), only if defendant Site, Inc. was transacting business in Rabun County. See OCGA § 14-2-63.

Originally, plaintiffs brought this action only against defendant Site, Inc. alleging that it was a North Carolina corporation transacting business in Rabun County. This allegation was admitted by defendant Site, Inc. Thereafter, plaintiffs amended their complaint by adding appellant and the housing authority as party defendants. Appellant contends venue was lacking following the jury's verdict because defendant Site, Inc. was not transacting business in Rabun County when plaintiffs filed the amended complaint naming the appellant as a defendant. We disagree.

Under the doctrine of continuity, the transaction of business by defendant Site, Inc. is presumed to have continued in Rabun County, absent any evidence to the contrary. *State Farm Mut. Auto. Ins. Co. v. Gazaway*, 152 Ga. App. 716, 719 (263 SE2d 693). Appellant has failed to point out any competent evidence in the record which would lead us to the conclusion that defendant Site, Inc. ceased doing business in Rabun County when appellant was added as a party defendant.

8. Appellant's contention that the exemplary damage awards were excessive as a matter of law cannot be sustained. The sums awarded by the jury are not exorbitant and they do not shock the

conscience. *Sizemore Security Intl. v. Lee,* 161 Ga. App. 332, 335 (3) (287 SE2d 782).

*Judgment affirmed on condition that appellees write off the expenses of litigation, otherwise reversed. Deen, P. J., and Sognier, J., concur.*

Decided March 12, 1985 —
Rehearing denied March 26, 1985 — 

*Thomas M. Cole,* for appellant.
*John M. Brown, Dennis T. Cathey, Jefferson W. Willis, Kent T. Stair, Alan B. Kyman,* for appellees.